34 614
a165a617

ALBERT BIRCH, Respondent, *v.* THE KAVANAUGH KNITTING COMPANY, Appellant.

*Sale — contract therefor by correspondence — when a test is provided for, a previous offer of warranty is not enforcible — a condition of the sale must in any event be complied with.*

In a correspondence relating to the purchase of some machines, the vendor offered to accompany the sale with a warranty that the machines would do certain things, but the vendee refused to make the purchase until it had had a practical test of the working of the machines, and an arrangement was made by which the vendee, before purchasing, was to have the opportunity of testing one of them for thirty days, and if, after such test, it was satisfied that the machine would operate as the vendor represented, then the purchase should be completed and the purchase price become at once due. If the machine did not so operate, the purchase was not to be completed and the machine was to be returned to the vendor, in whom the title was to remain during all the time of the test.

At the expiration of the thirty days the vendee ordered two more machines, not notifying the vendor that the machine tested was not satisfactory nor returning it.

*Held,* that this action on the part of the vendee amounted to an acceptance of the machine, and that then for the first time the purchase was complete;

That no warranty accompanied the sale thus made.

*Semble,* that, even if the contract should be construed as a sale with a warranty, the further specific provision that the machine should be returned if the property proved, upon a test of thirty days, not to be as represented, obligated the vendee to make such return as a condition of his right to enforce the warranty.

APPEAL by the defendant, The Kavanaugh Knitting Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 9th day of February, 1898, upon the verdict of a jury rendered by direction of the court.

*Edgar T. Brackett,* for the appellant.

*S. W. Russell, Jr.,* and *T. F. Hamilton,* for the respondent.

PARKER, P. J.:

The contract under which the defendant received the machines for the purchase price of which this action is brought, is contained in the letters which passed between it and the plaintiff; and no question as to what that contract was arose for the jury to determine. It was for the court to construe those letters and determine from them what the rights and obligations of the respective parties are.

If the contract so made was an absolute sale, accompanied with a warranty as to what the machines would do, then the defendant had the right to retain them, and to set off against the purchase price its damages arising from a breach of that warranty. And this would be so, even if the contract had provided that the defendant might return the machines and have the purchase price refunded if they proved not equal to the warranty. Such a provision would be but a cumulative remedy secured by the contract to the defendant. If the defendant failed to exercise that privilege within the time limited, it would operate as a waiver of the right to return, but would be no bar to its action for the damages suffered by the breach. (28 Am. & Eng. Ency. of Law, 827.)

But it appears from the correspondence in this case that no contract of sale, with warranty, was ever consummated between the parties.

It is plain that the defendant, notwithstanding the guaranty expressed by the plaintiff's agent, was not willing to make the purchase until it had had a practical test of the working of the machines. It was not willing to accept the offer made in plaintiff's letter of June fourteenth, for the reason that, under it, the blower and heater, which was to be furnished by a third party, must be purchased by the defendant absolutely, and even though the drying machine to be furnished by the plaintiff did not work satisfactorily. When, however, the plaintiff arranged so that both machines should be purchased upon the test provided for in that letter, the machine was received by the defendant and the test made in its own establishment.

By reference to plaintiff's letter of June fourteenth, to defendant's answer of June fifteenth, and its subsequent correspondence relative to seeing the machine at work, it is apparent that their contract was substantially to the following effect. Before the defendant purchased the machine, it was to have the opportunity of testing it for thirty days. If, after such a test, it was satisfied that it would operate as plaintiff represented it would, then the purchase might be completed, and the purchase price of $300 would at once become due. If, however, the machine upon such test did not perform all that it was guaranteed to perform, then the purchase was not to be completed, but the machine must be returned to the plaintiff on board cars at Troy, N. Y. During all the time of the test, and until defendant elected to make the purchase, the machine belonged to the plaintiff. The title was in him, the possession only in defendant for the purpose of testing the machine. At the expiration of the thirty days the defendant, instead of notifying plaintiff that the machine was not satisfactory and returning it on board cars at Troy, as it had *contracted* to do in the event that the test was not up to the recommendation, ordered two more machines, the purchase of which was evidently made upon the result of the test.

This amounted to an acceptance of the machine, and then for the first time the purchase was complete.

But surely a purchase then completed was not made relying upon the plaintiff's warranty as to what the machine would do.

Clearly the plaintiff had no intention of giving a warranty that should accompany a sale so made. He never undertook that, after the defendant had demonstrated the machine's inability to perform

the work guaranteed, it might nevertheless retain the same and hold him in damages because it would not work. The sale was to be made only in the event that the defendant, after trial, was satisfied with the machine. Until satisfied by actual test, no sale was to be made. When *so* satisfied by actual test, no warranty was either relied upon or contemplated by either party.

The sale so made was one purely upon test and not upon a warranty.

Although the plaintiff did in exact terms guarantee that the machine would do certain things, which we must assume it would not do, yet under the final contract by which the sale was made, a practical test was substituted for such warranty, and each party evidently understood that defendant's reliance was to be upon the test and not upon the warranty. Under such circumstances it cannot be said that there was any contract of warranty accompanying the sale, and hence no cause of action for a breach thereof has accrued to the defendant.

But even if the contract could be construed as a sale with a warranty, it certainly contains the further specific provision that the machine should be returned if the property proved, upon a test of thirty days, to be not as represented. Here was something more than a mere privilege to the defendant that it might return the property; it was a positive agreement on its part that it would return it. Defendant now seeks to affirm that contract, to the extent of the sale and the warranty, but to utterly ignore that part of it which created the obligation on its part to return the property. This it cannot do. The general rule is stated in American and English Encyclopædia of Law (Vol. 28, p. 830) as follows: " The terms of the express contract of sale are to govern in all cases, and the vendee's right of action for a breach of the warranty does not exist until he has discharged the conditions precedent imposed by such contract."

In my judgment the ruling of the trial court was correct, and the judgment there entered should be affirmed.

All concurred.

Judgment affirmed, with costs.