(97 App. Div. 241.)

### LONG v. CHAPMAN et al.

(Supreme Court, Appellate Division, Fourth Department. September 27, 1904.)

1. CONTRACTS—BREACH OF GUARANTY—MEASURE OF DAMAGES.

　　Where defendants install a heating apparatus in plaintiff's house, with a guaranty that it will give a certain amount of heat, which it fails to do, he may require them to remove it, or, they failing to do so, remove it himself, and recover the purchase price, or he may recover as damages for breach of contract the difference between the value of the plant as it is and as guarantied; so that a judgment awarding him the cost of sub-

¶ 1. See Sales, vol. 43, Cent. Dig. §§ 1285, 1300.

stituting a larger boiler, which will remedy the defect, without any allow-
ance for the boiler already in, though it is new and of substantial value,
is erroneous.

Appeal from Monroe County Court.

Action by Adam A. Long against George H. Chapman and another
to recover $260, the amount paid by plaintiff to defendant for installing
a hot-water heating apparatus in plaintiff's house, which apparatus, it
was alleged, was defective, and failed to heat the building in the manner
defendants expressly warranted that it would. From a judgment of
the County Court reversing a judgment of the Municipal Court of the
city of Rochester for plaintiff for $130, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

John B. Kiley, for appellant.
M. H. McMath, for respondents.

McLENNAN, P. J.   Prior to May 15, 1902, the plaintiff and defend-
ants had some negotiations looking to the installation of a hot-water
heating apparatus in plaintiff's residence in the city of Rochester, N. Y.
One of the defendants inspected the house, measured the rooms to be
heated, and as a result, on said 15th day of May, submitted to the
plaintiff a proposal, with specifications attached, for installing the
plant.   Such offer, which was accepted by the plaintiff, was, in effect,
that the defendants would properly install a heating system, which
would heat the rooms mentioned in the specifications to a temperature
of 70° in zero weather, for the sum of $250.   The defendants claimed
to have completed the work in accordance with the terms of the contract,
early in September, 1902, and the plaintiff paid the full contract price,
together with $10 additional for "extras."   At the time such payment
was made, the condition of the weather was such as to render it im-
possible to make a practical test of the heating qualities of the plant,
or to know whether or not in zero weather it was capable of heating
the house to 70°, as warranted to do.

During the latter part of November, however, the plaintiff attempted
to heat his house, and found that the plant could not be made to accom-
plish the results guarantied, and so notified the defendants.   They made
several attempts to adjust the apparatus, sought to improve the draft,
and did various other things in the endeavor to comply with the terms
of the contract.   The plaintiff claimed that such efforts were wholly un-
availing, and he thereupon notified the defendants, in effect, that
the plant was not as required by the contract, that it was impossible to
heat the house in such manner as the defendants expressly warranted
could be done, and asked them, in effect, to remove the plant installed
by them, and notified them that if they did not, it would be removed by
the plaintiff, and kept or stored subject to their order.   The defendants
made no further efforts to remedy the alleged defects, but claimed that
they had fully performed their contract.

Under the contract in question, the plaintiff, assuming that the heat-
ing apparatus was not capable of doing the work which the defendants
warranted it would do, had either one of two remedies:   he might have
required the defendant to remove the same, or, if they failed to do so,

remove it himself, and recover the purchase price, or he might demand and recover the damages sustained by reason of the breach of contract. It is apparent that when the plaintiff brought his suit he had in mind to recover upon the cause of action first suggested, but it equally clearly appears that upon the trial such form of relief was abandoned, and that the plaintiff sought to recover under the second form of action, to wit, the damages resulting from the alleged breach of contract. The trial court determined that the defendants failed to keep and perform their part of the contract, and such determination is amply justified by the evidence. Upon no other theory could any judgment have been rendered in favor of the plaintiff. If a judgment had been awarded upon the cause of action first mentioned, it would have been for the full amount paid by the plaintiff, and the defendants would have been at liberty to take away and remove from plaintiff's premises any material or part of the plant which they had furnished. Upon the second form of action suggested, and under which the case was tried, the measure of damages is the difference between the actual value of the plant as it was and its value if it had corresponded to the guaranty. Bates v. Fish Brothers' Wagon Co., 50 App. Div. 38, 63 N. Y. Supp. 649; affirmed, 169 N. Y. 587, 62 N. E. 1094. In the case at bar the evidence offered on the part of the plaintiff tended to show that the fault or defect in the apparatus resulted because a boiler of too small capacity was furnished; that to substitute a new boiler, and such as was necessary to properly do the work required by the contract, would cost from $130 to $145, and damages were awarded by the Trial Court for the smaller of said sums. In the estimate of such damages by the witnesses, and in awarding the same, no account was taken of the value of the boiler which the defendants had furnished, notwithstanding it was a new boiler, and of substantial value. The result of the trial in the Municipal Court was that the plaintiff was awarded a sum of money as damages, which would enable him to connect with the plant a new boiler of such capacity as would make the heating apparatus in all respects as guarantied, and at the same time enable him to retain possession of, and acquire title to, the boiler which the defendants had furnished. Such method of arriving at the damages sustained by the plaintiff we think constituted error, and such as to require a reversal of the judgment by the learned County Court. The judgment of the County Court should therefore be modified so as to provide that the judgment of the Municipal Court be reversed, and a new trial ordered in said court, with costs to the plaintiff to abide the event.

Judgment modified, by directing a new trial in Municipal Court, and, as so modified, affirmed, without costs of this appeal to either party.

All concur.