(59 South. 24.)

No. 18,948.

J. I. CASE THRESHING MACH. CO. v. DAVIS.

(June 13, 1912. Rehearing Denied June 28, 1912.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONCLUSIVENESS.

A finding on conflicting evidence will not be disturbed on appeal, where the Supreme Court cannot be positive that the trial court erred.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. SALES (§ 442*)—CONTRACTS—STIPULATIONS FOR DAMAGES FOR BREACH OF WARRANTY—VALIDITY.

A stipulation, in a contract of sale of an engine, limiting responsibility of the seller for breach of warranty to a return of the price, is binding, in the absence of bad faith.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by the J. I. Case Threshing Machine Company against C. F. Davis. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

Alexander & Wilkinson, for appellant. Rhydon D. Webb and Davis, Browne & Browne, for appellee.

PROVOSTY, J. In November, 1908, plaintiff company sold defendant a threshing machine on a credit for $927.05, for which he gave his notes, and in March, 1909, sold him an engine and boiler on a credit for $1,100, for which he, in like manner, gave his notes.

The present suit is on these notes. It originally covered also certain notes given in July, 1909, for the purchase price of a tank, but that part of the demand is no longer pressed.

The trial court gave judgment for the price of the threshing machine, and dismissed the suit as to the engine and boiler. Defendant did not appeal, but, by way of answer to plaintiff's appeal, asks that the suit be dismissed also as to the thresher.

This request, we take it, is made merely because the making of it costs nothing, since defendant received the thresher, used it, and continues to use it, and has not had a word of complaint to make in connection with it.

The defense as to the engine and boiler is that the engine failed to fulfill the guaranties of the contract, in that it could not keep up without heating the number of revolutions per minute necessary for developing the required horse power.

[1] The engine unquestionably gave trouble and continued to do so, as long as defendant used it. Whether this was due to some inherent defect, or to unskillful handling, is the question. If we listen to plaintiff's expert, it was unskillful handling. On the other hand, if we give credence to defendant's witnesses, it was due to inherent defect. The trial judge took the latter view, and we cannot be positive that he erred.

[2] The engine was sold with the understanding that it was needed for furnishing water to a rice crop; and defendant claims that, because of said defect, the crop could not be supplied with a sufficiency of irrigation water, and that, in consequence, it suffered, to his damage $5,000, and that plaintiff is responsible.

By an express clause of the contract, the plaintiff company limited its responsibility to a return of the price. In the absence of bad faith, and none is suggested, this stipulation is binding.

Judgment affirmed.