### CROUCH & SON *v.* LEAKE.

#### Opinion delivered May 19, 1913.

SALE OF CHATTEL—WARRANTY—BREACH.—A sold a stallion to B with certain warranties, the contract of sale providing that if the horse failed to comply with the warranties, that it might be returned to A, and another stallion substituted; *held*, the contract provided the remedy for a breach, and B, not having complied with the conditions, nor shown a waiver thereof by A, will be held to have accepted the stallion as complying in all respects with the warranty, and is liable to A for the purchase price.

Appeal from Union Circuit Court; *George W. Hays*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was brought by appellants against T. B. Leake and others to recover a balance of $614.95, claimed to be due on a note for $1,000, executed to them May 29, 1907. The note was signed by the defendants and credited with six different amounts paid thereon from May 29, 1907, to March 15, 1910, aggregating $534.93.

The defendants admitted the execution of the note and alleged that it and two others for like amount were given for the purchase of a stallion sold them by plaintiffs under a warranty, that he was an imported German coach horse and a satisfactory and sure breeder; alleged a breach of the warranty, that the horse was not a sure breeder, as warranted, and unfit for the purpose for which he was purchased.

He was delivered to the defendants on May 29, 1907, under the following contract of sale and warranty:

"Nashville, Tenn., May 29, 1907.

"GUARANTEE ON THE GERMAN IMPORTED COACH STALLION,. METHODIST, No. 2907.

"We have this day sold the imported German coach stallion, named 'Methodist No. 2907,' to the Junction City German Coach Horse Company, Junction City, Ark., and we guarantee the said stallion to be a satisfactory sure breeder, provided the said stallion keeps in as sound and healthy condition as he is now and·has proper care and exercise.

"If the said stallion should fail to be a satisfactory sure breeder with the above treatment, then the same shall be returned to us at Lafayette, Ind., in as sound and healthy condition as he now is and in as good flesh by August 1, 1908, and we agree thereupon to take the said stallion back and to give the said company another stallion in his place, of equal value.

"We, J. Crouch & Son, agree not to place an imported German coach stallion within a radius of twenty

miles of Junction City, Ark., within one year from date.

"J. Crouch & Son.

"Junction City German Coach Horse Co.

"Accepted: W. L. Thompson, Secretary."

The testimony tends to show that the horse was not "a satisfactory sure breeder," as warranted, and that only about 10 per cent of the mares he served brought colts.

One of the defendants stated that he made an effort to return the stallion in 1908, but did not remember the date. They had a meeting at which he was appointed on a committee to see T. B. Henderson, the bank cashier, and have him open correspondence with Crouch & Son to dispose of the horse in some way as soon as they found he was not a sure breeder. They wanted to satisfy the company and return the horse and offered to pay the first note, but this offer was not satisfactory. That in the following spring, they had Mr. Henderson write a letter taking the matter up.

Mr. Henderson testified that he took up the matter of the settlement at the defendants' request and made an offer to return the horse and pay the first note in settlement, and could not remember the date the letter was written, but thought it was in the summer of 1908.

The following letter, which appellants stated was the only one they had ever received, relative to the matter, was introduced in evidence:

"Junction City, Ark., 1/16, 1909.

"Messrs. J. Crouch & Son, Lafayette, Ind.

"Gentlemen: The directors of the Junction Coach Horse Company had a meeting this morning and request me to write you for your best settlement on notes and take horse off their hands.

"Yours truly,

"T. B. Henderson, Cashier."

No offer to return the horse before that date, or at all, in accordance with the terms of the warranty, was shown. The court instructed the jury, refusing to direct

a verdict for plaintiffs, and from the judgment on their verdict in defendants' favor this appeal comes.

*Marsh & Fenniken,* for appellants.

Appellants' request for a peremptory instruction in their favor should have been granted. Appellees having by their own contract stipulated what their remedy should be in case the animal did not prove to be a satisfactory sure breeder, they can not ignore that contract and avoid payment of the note, but were bound to exhaust their remedy by returning the animal as stipulated, unless prevented by appellants, before they could be heard to complain. 101 S. W. 1179; 97 S. W. 18, and cases cited.

*R. G. Harper,* for appellees.

There was evidence to show that appellees offered to return the stallion by or before the time provided in the contract, and the jury's verdict is conclusive of that fact and should not be disturbed. 83 Ark. 15, 16.

KIRBY, J., (after stating the facts). Appellants contend that the court erred in not directing a verdict in their favor and are right in so doing.

The undisputed testimony shows that the stallion was not "a satisfactory sure breeder" as warranted, but it also shows that appellees gave no notice to appellants of a breach of the warranty nor did they return or offer to return the horse to the seller and receive another of equal value in his place by August 1, 1908, as they were required to do by the terms of the contract or at all. Neither was there any testimony tending to show a waiver by appellants of this condition. The written contract expressed the terms of the warranty and provided the remedy that should accrue from a breach of it which was exclusive of any other mode of compensation and afforded the only relief to which they were entitled. Not having complied with the said condition on their part, nor shown a waiver thereof on the part of appellants, they will be held to have accepted the stallion as in all respects complying with the warranty and bound to the payment of the balance due on the note for the purchase

money. *Highsmith* v. *Hammonds,* 99 Ark. 400. See also *Walters* v. *Akers,* 101 S. W. (Ky.), 1179; *Wisdom* v. *Nichols & Shepherd Co.,* 97 S. W. 18.

The court erred in not directing a verdict for appellants and its judgment is reversed and judgment will be entered here for them in the sum sued for. It is so ordered.