TWIN CITY CREAMERY CO. *v.* GODFREY.

1. DAMAGES—CONTRACTS—PROVISIONS IN LIEU OF DAMAGES.
   If parties agree upon a rule of damages to be followed in the event of a breach of the contract, no different rule or measure will be adopted by the court.

2. SAME—SALES—LIQUIDATED DAMAGES.
   Under a contract providing for the installation of a refrigerating plant, which the vendor guaranteed to be free from imperfections for the space of one year, promising to replace defective parts, etc., and further providing that if the plant should not fulfill the conditions of the contract, the vendor should be allowed to enter the buyer's premises, upon repaying the money paid, and to remove the plant, no different measure of damages than such repayment and removal was contemplated, the vendee not being entitled to recover damages suffered by reason of defendant's failure to install a satisfactory refrigerating system.

Error to Berrien; Bridgman, J.   Submitted October 17, 1912.   (Docket No. 122.)   Decided July 9, 1913.

Assumpsit by the Twin City Creamery Company against Charles H. Godfrey and Ephraim L. Brant for breach of a written contract.  Judgment for defendants on a directed verdict.  Plaintiff brings error. Affirmed.

*Willard J. Banyon* and *G. M. Valentine (H. S. Gray,* of counsel), for appellant.

*Cady & Andrews,* for appellees.

BIRD, J.   On January 15, 1910, Godfrey and Brant,

the defendants, entered into a written contract with the Twin City Creamery Company, the plaintiff, to furnish and install in perfect working order a refrigerating plant in its factory at Benton Harbor and have it completed and ready for operation by May 1, 1910. The plant, when installed, was warranted to produce certain results. The work was delayed, and the plant was not completed until August 1st, at which time it was tendered to the Creamery Company, and acceptance was refused on the ground that it failed to produce the results guaranteed. Payment therefor being refused, Godfrey and Brant brought suit to enforce the same. A trial in the circuit court was had, and resulted in a verdict for the Creamery Company. With this issue resolved in its favor, the company, by written notices, dated February 27, and March 2, 1911, ordered Godfrey and Brant to remove the plant from its premises. This order was complied with and the plant removed. The Creamery Company then brought this suit against the defendants to recover damages for their failure to install the plant in accordance with the terms of the contract. At the trial of this issue it was the opinion of the trial court that under the proofs the plaintiff was not entitled to recover, and he, therefore, directed a verdict for the defendants. Various reasons are advanced by defendants in justification of the directed verdict, and among them the point is made that the parties agreed in the contract upon a measure of damages, in the event that defendants should fail to carry it out in accordance with its terms, and that now no other or different measure of damages can be invoked. The following paragraphs of the contract are relied upon to establish this proposition:

"It is further understood and agreed that the party of the first part guarantees the said plant to be free from imperfections in materials and workmanship for

the period of one year from the date of this contract and said party of the first part agrees to replace any such part or parts found defective by said party of the first part, during the aforesaid time."

"It is further understood and agreed that providing said plant does not fulfill the conditions of this contract, said party of the first part shall be allowed to enter the premises of said party of the second part and remove the said refrigerating plant without any hindrance in any manner upon the refunding of any money which has been paid to the party of the first part by the party of the second part."

We must assume that the foregoing provisions were inserted in the contract to mean something, and, fairly construed, they mean that the parties agreed in advance upon the measure of damages which should govern in the event that the plant, when completed, did not measure up to the specifications contained in the contract. This measure of damages, read in connection with other provisions of the contract, means that if defects appeared in the materials or workmanship of the plant within one year from the date of the contract, the defendants were in duty bound to correct them. If the plant did not meet the stipulations in the contract, the defendants were to remove it after refunding any payments made thereon. Under this agreement, the plant was constructed, and it fell short of doing what was promised for it. An attempt was made by defendants to remedy some of the defects, but the Creamery Company would not permit it. The defendants were then ordered to take it away, and the order was obeyed. The rule agreed upon has been followed so far as the rights of the plaintiff are concerned, and we are of the opinion that no other damages were contemplated. Where parties agree upon a rule of damages to be followed in case of a breach of an agreement, no other or different rule will be enforced. *Monroe* v. *Hickox, Mull & Hill Co.,* 144 Mich. 30 (107 N. W. 719) ; *Black* v. *De Camp,* 78 Iowa,

718 (43 N. W. 625) ; *Canavan* v. *Neeld,* 189 Pa. 208 (42 Atl. 115) ; 35 Cyc. p. 633.

We are of the opinion that the trial court was not in error in directing a verdict for the defendants.

The judgment will be affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.