## Truman's Pioneer Stud Farm, Appellee, v. Zion F. Baker et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Truman's Pioneer Stud Farm against Zion F. Baker, J. F. Fleming, J. H. Baker and Mary C. Baker on a promissory note given by defendants for the purchase price of a stallion. The facts are fully stated in a former opinion of the court. *Truman's Pioneer Stud Farm v. Baker,* 176 Ill. App. 524.)

The horse was bought in the spring of 1907 and notes given. There was a written warranty of the stallion to be an average foal getter (if bred to any reasonable number of good breeding mares, said mares to be regularly returned, tried, and bred), and, if he should prove otherwise, he should and must be returned to Truman's Pioneer Stud Farm at Bushnell, Illinois, and another stallion of the same breed, but of no greater value, taken in his place.

At the end of the first year the horse having not proved up to the warranty, by agreement of the parties the trial and warranty were extended another year, or to March, 1909. In February, 1909, defendants here, tried to talk with Truman over the telephone, and say that he refused to talk. Truman said he refused to talk, except that he said to return the horse. Defendants do not claim there was any extension for another year or any waiver of the contract by Truman. The defendants kept the horse the third year without attempting to return him or having any further agreement.

Truman's Pioneer Stud Farm v. Baker, 193 Ill. App. 598.

E. J. Miller, for appellants.

Frank J. Thompson, Edward C. Craig and Donald B. Craig, for appellee.

Mr. Justice Scholfield delivered the opinion of the court.

## Abstract of the Decision.

1. Sales, § 275*—*remedy of purchaser for breach of warranty under contract providing for return.* The only remedy of the purchaser of a stallion for a breach of warranty, the purchaser giving notes for the purchase price, is to return the stallion, under a contract providing that the stallion is warranted to be an average foal getter, if bred to a reasonable number of good breeding mares, that said mares should be regularly returned, tried and bred, and that if he should prove otherwise he should be returned and another stallion of the same breed and equal value taken in his place.

2. Trial, § 204*—*when verdict for plaintiff may be directed.* A verdict may be directed where no defense is proven.

3. Trial, § 35*—*when absence of judge harmless.* The improper conduct of the trial judge in being absent from the room during the final argument of a case, during which time one of the counsel makes improper remarks, is not reversible error where a verdict might have been directed and no other judgment could be sustained under the evidence.

4. Sales, § 105*—*when agreement for exchange not a waiver of original agreement.* An agreement to exchange a stallion, bought under a contract with warranty, for another is not a waiver of the original contract of purchase.

5. Set-off and recoupment, § 10*—*when unliquidated damages cannot be set off.* Unliquidated damages for the breach of a contract to exchange a stallion, which had been bought under another contract with the same person, for another .cannot be set off in a suit in assumpsit on promissory notes given by the purchaser under the original contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.