RICHARDSON ET AL. *v.* CROUCH ET AL.

[No. 10,601. Filed January 5, 1921. Rehearing denied June 2, 1921.]

1. SALES.—*Warranty.—Construction.—Exclusiveness of Remedy.* —Where, in a contract for the sale of a stallion, the warranty clause provided that if the horse "should fail to be a satisfactory sure breeder," the seller would, if the horse was returned in as sound and healthy condition as at the time of sale, take him back and replace him with another of equal value, which the buyer was bound to accept, such clause provided an exclusive remedy for a breach of the warranty, and the fact that the horse did not prove to be a satisfactory breeder and that it later died could not be set up as a defense to a suit on a note given for the purchase price. p. 24.

2. SALES.—*Fraud.—Opinion of Seller.*—A statement by the seller that a stallion sold "would prove to be a satisfactory sure breeder," was not a statement of an existing fact, but merely the expression of an opinion, and is insufficient as a defense of

fraud against an action on a note given for the purchase price of the horse.  p. 25.

From Hamilton Circuit Court; *Ernest E. Cloe*, Judge.

Action by Jeptha Crouch and others against John P. Richardson and others.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*Ira M. Sharp* and *Rosco Hollingsworth,* for appellants.

*Jones & Jackson,* for appellees.

REMY, C. J.—Action by appellees against appellants on a promissory note.  Appellants filed a pleading designated as a counterclaim, to which appellees filed a demurrer for want of sufficient facts, which demurrer was by the court sustained.  Appellants also filed an answer in four paragraphs.  Demurrers for want of facts to the second, third, and fourth paragraphs were sustained.  A reply by appellees closed the issues; and a trial by the court resulted in a judgment for the amount of the note.

The only errors assigned and presented are based on the action of the court in sustaining the demurrers to the counterclaim and the second and fourth paragraphs of answer.

The note sued on, which was executed on April 7, 1916, and due October 1, 1917, was given as a part of the purchase price of a stallion sold and delivered by appellees to appellants.  Appellants' counterclaim and second paragraph of answer are each based upon a written contract of express warranty executed contemporaneously with the note.  The material terms of the contract of warranty are as follows:

"We have this day sold the American bred gray Percheron stallion 'Affirmation' No. 105074 to Richardson & Newman of Sheridan, Indiana, and

we guarantee the said stallion to be a satisfactory sure breeder, provided the said stallion keeps in as sound and healthy condition as he now is, and has proper care and exercise. If the said stallion should fail to be a satisfactory sure breeder with the above treatment, we guarantee to take the said stallion back, and the said Richardson & Newman agree to accept another American Percheron or other stallion of equal value in his place, the said stallion 'Affirmation' No. 105074 to be returned to us at Lafayette, Indiana, in as sound and healthy condition as he now is by May 1st, 1917."

The counterclaim and second paragraph of answer each contain averments setting forth, that immediately after the purchase of the horse, appellants took possession of the same, and stood him during the season of 1916, that the horse did not prove to be a satisfactory sure breeder, and that without any fault on the part of appellants, the horse died in the month of July, 1916. It clearly appears from the terms of the contract of warranty, that in the event the horse should not prove to be "a satisfactory sure breeder," appellants' only remedy was to receive another in exchange, and that only upon the return of the horse "in as sound and healthy condition" as when purchased. See *Crouch & Son* v. *Leak* (1913), 108 Ark. 322, 157 S. W. 310; *Nave* v. *Powell* (1911), 52 Ind. App. 496, 96 N. E. 395, and cases there cited. The court did not err in sustaining the demurrers to the counterclaim and second paragraph of answer.

The fourth paragraph of answer sets forth that appellants were induced to execute the note in suit by reason of fraudulent representations of appellees.

2. The only allegation of fraud or deception in the answer is that appellees represented that the stallion "would prove to be a satisfactory sure breeder." This is not the allegation of an existing fact, but merely the expression of an opinion, and is not sufficient to

make the answer good on the theory of fraud, which is the manifest theory of the pleading.

Judgment affirmed.