The judgment in each case is affirmed.

---

## J. I. Case Threshing Machine Co. v. Rose, et al.

(Decided May 10, 1921.)

### Appeal from Garrard Circuit Court.

1. Sales—Breach of Warranty—Remedy.—Where a contract of sale contains a warranty and provides a remedy in case of a breach, the remedy is exclusive.

2. Sales—Breach of Warranty—Remedy—Waiver.—Where a provision in a contract of sale for the return of machinery is imperative and not permissive, and the machinery is not absolutely worthless, a return, or an offer to return, the machinery, is a condition precedent to relief asked by the purchasers, unless the seller waives the right to insist on a return.

3. Sales—Breach of Warranty—Waiver.—In view of a provision in a contract for the sale of machinery, that the seller was to be given an opportunity to remedy any defect in the machinery, and the machinery was to be returned if the seller failed to make it comply with the warranty, the mere fact that the seller's agent requested the purchasers to keep the machinery, under a promise to make it work, was not a waiver for all time to come of the seller's right to insist on the return, but a waiver only during the time that the seller was engaged in an effort to make the machinery work, and for a reasonable time thereafter.

4. Sales—Breach of Warranty—Inquiry by Purchaser if Seller Would Take the Old Machine and Give Him a New One Not an Offer to Return.—A letter containing the following: "Now what we want to know, will you take this machine and give us one that will work?" was a mere inquiry and not an offer to return.

5. Sales—Breach of Warranty—Failure to Return—Waiver.—Where the seller made several ineffectual attempts to remedy the defects in machinery, and the last ineffectual attempt was made in the month of November, 1917, at which time the purchaser abandoned the machinery and at no time thereafter returned, or offered to return, it, there was no waiver of the seller's right to insist on a return, and the purchaser was not entitled to any relief.

BAGBY & HUGUELY and JOE E. ROBINSON for appellant.

L. L. WALKER for appellees.

Opinion of the Court by Judge Clay—Reversing.

In the month of March, 1917, the J. I. Case Threshing Machine Company sold to R. L. Rose and W. C. Rose a plow and engine for the sum of $1,168.00, of which the purchasers paid one-half in cash and executed their note for the balance, payable December 1, 1917.

The contract contained the following provisions:

"Said machinery is purchased upon and subject to the following mutual and interdependent conditions, and none other, namely: It is warranted to be made of good material and durable with good care, and to be capable of doing more and better work than any other machine of equal size and proportions, working under the same conditions on the same job, if properly operated by competent persons, and the printed rules and directions of the manufacturers intelligently followed. The condition of the foregoing warranty is that if, after a trial of six days by the purchasers operating in the manner specified and machinery shall fail to fulfill the warranty, written notice thereof shall at once be given to the J. I. Case T. M. Company at Racine, Wisconsin, and also to the dealer from whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty (unless it be of such nature that a remedy may be suggested by letter), the purchaser rendering necessary and friendly assistance and co-operation, without compensation for labor or material furnished, and the company reserving the right to replace any defective part or parts. If, after giving the notice and opportunity to remedy the difficulty complained of, as above provided, the company fails to send a representative to remedy said difficulty (or to suggest an efficient remedy by mail), or if upon its attempt to remedy the same, the machinery cannot be made to fill the warranty, the part that fails to be returned immediately by the purchaser, free of charge to the place where it was received, and the company notified thereof; whereupon the company shall have the opportunity either to furnish another machine, or part, in place of the one so returned, which shall fill the warranty, or to return the notes, or money received for the machine or part so returned, and the contract shall be rescinded to that extent, and no further claim made on the company."

The purchase money note for $584.00 was sold and transferred before maturity to J. R. Mount & Company, who brought suit to recover thereon. The purchasers filed an answer and counterclaim, which they asked to be made a cross petition against the J. I. Case Threshing Machine Company, pleading a breach of warranty, and asking both a rescission and damages. The jury found for the Rose Brothers on their answer and cross petition against the J. I. Case Threshing Machine Company in the sum of $1,168.00, less $268.00, the value of the plow and engine when delivered to them, and in favor of J. R. Mount & Company against the Rose brothers in the sum of $584.00 with interest. Judgment was entered accordingly and the J. I. Case Threshing Machine Company appeals.

Though the contract was signed in Garrard county, the machinery was delivered to the purchasers at Lexington, where R. L. Rose executed for the cash payment a check containing the words, "Satisfaction guaranteed." On their way home the Rose brothers had trouble with the engine, and notified the bank not to pay the check. The company's agents told them to take the plow and engine on, and that they would make the engine work all right. After the purchasers got the machinery home, they plowed and disked from 190 to 225 acres of land. However, they complained to the company that the machinery would not work, and on two or three occasions the company sent its representatives to make repairs. Though the company's representatives say that the machinery worked all right when they were there, and the purchasers signed statements to that effect, the purchasers claim that the statements were obtained by fraud, and that the engine never did work satisfactorily. In the month of November following, the purchasers abandoned the machinery, after the last representative of the company had failed, as they claim, to make it work. On January 29, 1918, the purchasers wrote a letter to the company, containing the following: "Now what we want to know, will you take this machine and give us one that will work?" This proposition was declined by the company in a letter dated February 16, 1918.

It is the rule in cases of this kind that where the contract contains a warranty and provides for a remedy in case of a breach, the remedy is exclusive. J. I. Case Threshing Machine Co. v. Harp, 113 S. W. 488; Crouch

v. Leake, 108 Ark. 322, 157 S. W. 390, 51 L. R. A. (N. S.) 774; White v. Miller, 132 Ia. 144, 109 N. W. 465, 8 L. R. A. (N. S.) 727; Main v. Griffin, 141 N. C. 43, 53 S. E. 727; Osborne v. Traylor, 8 Ky. L. R. 359; Wilson, etc., v. Nichols-Shepherd Co., 139 Ky. 506, 97 S. W. 18. Here the provision of the contract relating to the return of the machinery was imperative and not permissive, and, the machinery not being absolutely worthless, a return, or an offer to return, the machinery, was a condition precedent to the relief asked by the purchasers, unless the seller waived the right to insist on a return. In view of the provision in the contract that the seller was to be given an opportunity to remedy any defect in the machinery, and the machinery was to be returned if the seller failed to make it comply with the warranty, the mere fact that the seller's agent requested the purchasers to keep the machinery, under a promise to make it work, was not a waiver for all time to come of the seller's right to insist on the return, but a waiver only during the time that the seller was engaged in an effort to make the machinery work, and for a reasonable time thereafter. Glover Machine Works v. Cook Jellico Coal Co., 173 Ky. 675, 191 S. W. 516. According to the evidence for the purchasers, the seller made several ineffectual attempts to remedy the defects, and the last attempt was made in the month of November, 1917. This attempt was also ineffectual, and the purchasers then abandoned the machinery. The only step thereafter taken by the purchasers was the sending of the letter of January 29, 1918. In that letter the purchasers merely inquired if the company would take the old machine and give them another in its place, and the language employed cannot be regarded as an offer to return the machinery. Though the machinery was abandoned as worthless in the month of November, and suit was not brought until several months thereafter, the purchasers never at any time returned, or offered to return the machinery. In view of these circumstances, there was no waiver of the right to insist on the return of the machinery, and the purchasers were not entitled to any relief. It follows that the trial court should have directed the jury to return a verdict in favor of the J. I. Case Threshing Machine Company.

Judgment reversed and cause remanded for a new trial consistent with this opinion.