## NUNN v. BRILLHART. (No. 326–3674.)

(Commission of Appeals of Texas, Section A. June 14, 1922.)

**1. Sales ⬤⇒91—Provisions permitting rescission and restoration of statu quo do not bar other redress.**

Merely permissive provisions in a contract of sale for rescission and return of the goods sold generally give the buyer an option to seek redress in that manner, and do not prevent his seeking other redress.

**2. Sales ⬤⇒426—Mandatory provision for rescission for defects contained in guaranty furnishes exclusive remedy for breach.**

The provision in a guaranty of a heating system that if it failed to comply with the warranty "contractor shall remove all portions and parts of system without cost to owner and repay to owner all money paid," being a part of the guaranty and clearly expressed in mandatory terms, confines the buyer in case of breach to the remedy thereby furnished.

**3. Principal and surety ⬤⇒81—Surety liable only under strict terms of contract.**

Under a contract by a seller to install a heating system, guaranteeing to remove it if it failed to comply with the warranties and to return the buyer's payments, one who signed the contract merely as surety for the seller was not liable to the buyer in an action for damages if the seller failed to remove and repay as provided, but his liability was confined to the contract remedy of rescission and return of price, and his mere knowledge of the seller's failure to remove and repay did not amount to a waiver or consent to a change of his contract in this respect.

**4. Sales ⬤⇒288(2)—Use of heating system which seller failed to remove on notice not waiver of guaranty nor acceptance as complying therewith.**

Where a heating system was installed under a guaranty by the seller to remove it and return the buyer's payments if it failed to comply with warranties, and the buyer had repeatedly notified the seller that the system did not fulfill the guaranty, and demanded removal and repayment or fulfillment by the seller, the buyer, after waiting over six months for the

seller to remove or remedy the system, did not, by using it as a basis for constructing an adequate one, waive his guaranty nor accept the system as complying therewith.

**5. Sales ⬤═➤430—Buyer retaining heating system which did not comply with seller's guaranty liable for its reasonable value as a set-off to damages for breach of warranty.**

Where a heating system installed under a guaranty by the seller to remove it if it failed to comply with warranties and return the buyer's payments was not as warranted, and the buyer waited over six months for the seller to remove or remedy the system, retention of it by the buyer, who used it as a basis for constructing an adequate system, rendered him liable for its reasonable value as an offset to his demand for return of the purchase price.

**6. Sales ⬤═➤442(1)—In action for recovery of purchase price on breach of warranty of heating system retained by plaintiff, measure of damages is price plus interest less reasonable value.**

Where a heating system installed under a guaranty by the seller to remove it and return the buyer's payments if it failed to comply with warranties was not as warranted, and the buyer retained it to construct an adequate system, in an action by the buyer to recover purchase money paid, his measure of damages should be such purchase money with legal interest from date of payment, less a credit equal to the reasonable cash value of the system at the time of his appropriation of it.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Jacob H. Brillhart against H. H. Simpson & Co. and W. G. Nunn. From a judgment for plaintiff, defendant Nunn appealed. Reversed and remanded (230 S. W. 862), and defendant Nunn brings error. Affirmed.

McCutcheon & Church, of Dallas, for plaintiff in error.

Holloway & Holloway, of Dallas, for defendant in error.

GALLAGHER, J. Jacob H. Brillhart, defendant in error, owned a building in Dallas, Tex. On the 11th day of April, 1916, he entered into a contract with H. H. Simpson & Co., in which contract Simpson & Co. agreed to install a complete heating system in his house according to specifications contained therein. Said contract provided that the owner should pay the contractors the sum of $840 upon completion and test of said system. It also contained the following:

"Second. Contractor guarantees said system to raise temperature to 70 degrees F. in each room of first and second floors of said building in zero weather, and to supply two gallons of water per minute for periods necessary in household use, for a period of one year. Failing to do so, contractor shall remove all portions and parts of system without cost to owner, and repay to owner all money paid on account of this contract."

H. H. Simpson & Co. as principals and W. G. Nunn as surety executed a bond to Brillhart, bearing even date with said contract in the penal sum of $840, conditioned that, if said principals should perform and fulfill all the obligations imposed on them by said contract, a copy of which was annexed, and made a part thereof, such obligation should be void, otherwise remain in full force and effect.

The heating plant was put in during the summer, and on September 2, 1916, it was subjected to a theoretical test which seems to have satisfied Brillhart, who immediately paid the major part of the agreed purchase price. Shortly thereafter he paid the remainder. There is no complaint that Simpson & Co. did not install the identical system called for by the specifications in said contract, nor that any defective material, equipment, or workmanship was used. The system installed failed to furnish a temperature of 70 degrees in the rooms of said building as guaranteed, and failed to supply two gallons of hot water per minute. There was also some complaint that the hot water furnished was discolored and not fit for household use.

After repeated complaints by Brillhart to Simpson & Co. and to Nunn, and after repeated efforts on the part of Simpson & Co. to make the system function according to said guaranty, Brillhart demanded that they remove the same and return the purchase price. This they failed to do. This demand was first made about February 3, 1917, and was repeated one or more times thereafter. On June 12, 1917, Brillhart made a written demand on Nunn *to complete the contract.* Nunn took no action. Shortly thereafter Brillhart had the plant remodeled and certain additions made thereto; the reasonable cost of the same being $690. He claimed that the system still failed to meet the requirements of the guaranty, and that it would cost $464 additional to make it do so. Brillhart then brought suit to recover said sums. The case was submitted to a jury on special issues. Upon the answers of the jury thereto the court entered judgment in favor of Brillhart against Simpson & Co. as principals, and Nunn as surety, for said sum of $690, with interest from date of payment, and against Simpson & Co. alone for said further sum of $464, with interest.

Nunn alone appealed. The Court of Civil Appeals held that it was the duty of Simpson & Co., upon demand, to remove the plant and pay the purchase money, and that, having failed to do so, they became liable for the breach of said guaranty just as though the contract did not contain such stipulation,

---

⬤═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that the measure of damage was such an amount as would cover the reasonable cost of remedying the defects in the system so as to fulfill the terms of the contract, and that such rule was properly applied by the trial court in this case. The Court of Civil Appeals further held that the trial court erred in admitting certain evidence, and on account of such error reversed and remanded the case. 230 S. W. 862. Nunn obtained a writ of error.

The only issues presented to this court are whether the liability of plaintiff in error as surety on said bond is limited to the cost of removing the heating system and the return of the purchase price as stipulated in said contract, and, if not so limited, how the damages suffered by defendant in error should be measured.

The parties to this contract had a right to stipulate in advance what course should be pursued in event of a failure of the guaranty. They had a right to provide that in such event the contract should be rescinded, and that each party should be restored to his former position. They so stipulated in the second paragraph of the contract by providing that the plant should be removed by the contractors, and that they should repay the purchase price to the owner. Plaintiff in error as surety claims the right to stand on that stipulation, and to have his liability in the premises measured and determined thereby. He claims the remedy provided by such stipulation is contractual, and that it excludes any other remedy which the law may provide in cases where no such stipulation is agreed upon and incorporated into the guaranty contract.

[1] The authorities on the question involved are not in accord. When the provisions for return and rescission are merely permissive, it is generally held that they give the buyer an option to seek redress by that method, and his right to seek redress if he chooses under the ordinary rules of law is not in any way impaired thereby. McGill v. Hall (Tex. Civ. App.) 26 S. W. 132; Birch v. Kavanaugh Knitting Co., 34 App. Div. 614, 54 N. Y. Supp. 449, affirmed 165 N. Y. 617, 59 N. E. 1119; Gaar S. & C. v. Patterson, 65 Minn. 449, 68 N. W. 69; Shupe v. Collender, 56 Conn. 489, 15 Atl. 405, 1 L. R. A. 339.

There are also cases holding, apparently on the same theory, that when the dealer promises in the guaranty that in event the article fails to do the work guaranteed he will substitute an article that will do the work, or remove it and refund the amount paid, such promise may be waived by the purchaser, and he may keep the article and bring an action for damages for breach of the guaranty. Park v. Richardson & Boynton Co., 81 Wis. 399, 51 N. W. 572; Seigworth v. Leffel, 76 Pa. 476, 479, 480; Williams v. Thrall, 101 Wis. 337, 76 N. W. 599;

Rochevot v. Wolf, 96 App. Div. 506, 89 N. Y. Supp. 142; Long v. Chapman, 97 App. Div. 241, 89 N. Y. Supp. 841.

[2] The weight of authority, however, supports what we consider the better rule, which is, that when the provision for rescission is a part of the guaranty, as in this case, and where it is clearly expressed in mandatory terms, the parties are bound thereby, and that the same furnishes the remedy to which the buyer must resort in case of breach. This rule is aptly stated in the case of Wilson v. Nickols & Shepherd Co., 139 Ky. 506, 513, 97 S. W. 18, 21, as follows:

"Contracts similar to this have been before this court in a number of cases, and it has uniformly been ruled that, when the parties to a contract have agreed upon the warranties and the remedies that accrue upon a breach of them, these remedies constitute the only relief in this particular that the purchaser has, and he must look to his contract, and be governed by its stipulations. The contract here affords to the purchaser a remedy, if the warranty is broken, that will at once relieve him from all liability. He can return the machine, and demand his purchase notes, thereby canceling the contract; but if he elects to retain the property, in its defective condition, he must pay the purchase price" citing numerous authorities.

We refer to the following additional authorities which support this rule: 35 Cyc. 471; Oltmanns Bros. v. Poland (Tex. Civ. App.) 142 S. W. 653, 655, 656 (writ refused); Shearer v. Gaar-Scott & Co., 41 Tex. Civ. App. 39, 90 S. W. 684, 687 (writ refused); Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 290, 294, par. 3 (writ refused); Holbert v. Sanzenbacher (Tex. Civ. App.) 159 S. W. 1054; Case Threshing Machine Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835, 837; Haynes v. Plano Mfg. Co. 36 Tex. Civ. App. 567, 82 S. W. 532; Twin City Creamery Co. v. Godfrey, 176 Mich. 109, 142 N. W. 362, 50 L. R. A. (N. S.) 805; Bristol v. Tracy, 21 Barb. (N. Y.) 236; Sycamore, etc., Co. v. Sturm, 13 Neb. 210, 13 N. W. 202; Walters v. Akers (Ky.) 101 S. W. 1179, 1181; White v. Miller (Iowa) 105 N. W. 993; Highsmith v. Hammonds, 99 Ark. 400, 138 S. W. 635; Scott v. Vulcan Iron Works, 31 Okl. 334, 122 Pac. 186, 193; Hope v. Peck (Okl. Sup.) 132 Pac. 344, 345; Truman's, etc., Farm v. Baker, 193 Ill. App. 598; Case Threshing Machine Co. v. Davis, 131 La. 87, 59 South. 24; Shaw v. Water Supply & Storage Co., 23 Colo. App. 110, 128 Pac. 480; Avery Planter Co. v. Peck, 86 Minn. 40, 89 N. W. 1123; Rowell v. Oleson, 32 Minn. 288, 290, 20 N. W. 227; Kirk & Co. v. Seeley, 63 Mo. App. 262.

[3] The defendant in error, in accordance with the terms of the contract, notified the contractors to remove the heating system and return the money paid by him therefor. They did not do so. The surety had notice of such demand and the failure of his prin-

cipals to comply therewith. Defendant in error contends that the provision for removal of the heating system and return of the consideration paid was waived by the contractors' failure to comply therewith, and that because of such failure he is entitled to maintain an action for damages. We have carefully examined the authorities cited in support of this contention. In some of the cases so cited a subsequent mutual agreement was held to have modified or superseded the original stipulation. The remedy sought in nearly all of the other cases cited was a rescission and the recovery of the purchase price, and it was merely held that the stipulated return of the article purchased as a condition precedent to such rescission and recovery had been waived. However, it is not necessary to decide the question. Plaintiff in error is a mere surety. He is entitled to stand on the very terms of his contract, and his liability cannot be extended by implication or otherwise beyond such terms. Mere knowledge on his part that his principals had failed to remove the heating system and return the purchase price would not defeat such right. Smith v. Montgomery, 3 Tex. 199, 209; Ryan v. Morton, 65 Tex. 258, 260; May v. Chicago Crayon Co. (Tex. Civ. App.) 147 S. W. 733.

[4] The record in this case shows that as early as December, 1916, defendant in error notified the contractors that the heating system installed did not fulfill the guaranty; that they attempted to make it do so and failed; that he notified them two or more times to remove it and return the money paid therefor; that he finally demanded that they make it work, or, as he expressed it, "complete the job"; that after waiting in all more than six months without any substantial relief he had the system remodeled and added to in an attempt to make it comply with the guaranty. We do not think that his using the system installed by the contractors as a basis in constructing and installing an adequate heating system for his house can be held to be an acceptance of such system as complying with such contract, or the waiver of his guaranty. Any such holding would, under the circumstances, be inequitable and unjust. American Foundry & Furnace Co. v. Board of Education, 131 Wis. 220, 110 N. W. 403, 408.

[5] The defendant in error was justified in concluding that the contractors had abandoned the contract. The defective system furnished by them was in place in his home. He could have had it removed and would have been within his rights He chose, however, to let it remain and to use it as a basis for constructing an adequate heating plant. Such action on his part made him liable for the reasonable value of the same at the time as an offset to his demand for return of the

purchase price. Gonzales College v. McHugh, 21 Tex. 257; Carroll v. Welch, 26 Tex. 147, 149.

[6] Upon the case made by the record the measure of defendant in error's recovery should be the purchase money paid by him, with legal interest from the date of payment, less a credit equal to the reasonable cash value of the system installed by the contractors at the time he used and appropriated the same.

We recommend that the judgment of the Court of Civil Appeals, reversing and remanding the cause, be affirmed, but that the trial court be governed by this opinion on the subjects above discussed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.