Stewart, J.
Numerous questions of law were ably argued to this court in these appeals.
Plaintiff strenuously maintains that the contract, under which it manufactured the hydraulic press for defendant, set forth exclusive remedies which defendant was bound to exercise in the event of any defect in the design, construction, material or workmanship of the press; that plaintiff has not waived its right to hold defendant to such exclusive remedies; and that, therefore, the Court of Appeals was in error in reversing the judgment of the Court of Common Pleas.
Defendant, on the other hand, strenuously argues that it not only had a right by cross-petition to seek damages by way of recoupment, under Section 8449, General Code, but also had a right to set forth, all special damages which it suffered by reason of defects in such design, construction, material and workmanship, and that, therefore, the Court of Appeals was *467 in error in restricting defendant to a claim for damages only by way of recoupment.
The purchase order was prepared and sent to plaintiff by defendant and contains on its face a statement that acceptance of the order would be an acceptance of the terms and conditions on both its face and reverse side.
The most pertinent provisions on the reverse side are the ones excluding verbal instructions or agreements altering or changing the order, and the one, relating to defective goods, which provides: “Defective goods will be returned at your expense, including incoming freight and credit taken on vouchers. No goods returned as defective may be replaced without our formal replacement order. All goods shall be subject to our inspection and rejection(Emphasis ours.)
Plaintiff served notice in September 1947 that as of September 15, 1947, it would consider the press as having been accepted by defendant and would press for payment of its claim, and argues that defendant had a duty to accept or reject the press.
Defendant argues that, because the purchase was a large piece of machinery installed on a semipermanent foundation, the provisions of the contract were clearly not applicable to the present situation.
Defendant sought to introduce evidence, the effect of which would be to vary some of the provisions of the contract which was prepared by it, but the Court of Common Pleas refused to permit such evidence to be introduced.
Defendant urges that the express remedial provision in the contract did not destroy the warranties created by Sections 8392, 8394 and 8395, G-eneral Code (Sections 1315.13, 1315.15 and 1315.16, Revised Code).
Section 8395 provides in part:
*468 “Subject to tbe provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:
“(1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller’s skill or judgment, whether he is the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.”
Plaintiff urges that under the Uniform Sales Act defendant was under obligation to promptly return the press or give notice that it did not intend to purchase the press.
Section 8399, Q-eneral Code, a part of the sales act, provides in part:
“Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer:
i ( * # #
“Buie 3. (1) When goods are delivered to the buyer 'on sale or return,’ or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time.
“ (2) When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer—
“(a) When he signifies his approval or acceptance *469 to the seller or does any other act adopting the transaction.
“(b) If he does not signify his approval or acceptance to the seller, bnt retains the goods without giving notice of rejection, then, if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact.”
Even if it is conceded that under Section 8395, General Code, there was an implied warranty as to the quality and fitness of the press for the purposes for which it was purchased, nevertheless, under the great weight of authority, where a buyer, by contract in writing, makes return of machinery purchased or replacement of defective parts or rescission of the contract the exclusive remedy for failure of the machinery to work as warranted, such buyer can not have an offset or claim for damages to reduce the amount of the purchase price. Clark Implement Co. v. Priebe, 52 S. D., 606, 219 N. W., 475; Long v. Ideal Elec. Co., 120 Okla., 63, 250 P., 504; Thomas v. Schaad, 170 Ark., 797, 281 S. W., 10; J. 1. Case Threshing Machine Co. v. Rose, 191 Ky., 433, 230 S. W., 545; Reed v. Rea-Patterson Milling Co., 186 Ark., 595, 54 S. W. (2d), 695. See, also, 3 Williston on Sales (Rev. Ed.), 358, Section 611a.
As stated in Williston, the effect of provisions in a contract of sale as to the right to return articles purchased is often determined from the language used, and where such language is permissive in nature it has been held to state an alternative and not an exclusive remedy. However, it is recognized that, where the buyer’s remedies for a breach of warranty are binding, such remedies are exclusive.
By the language used in the purchase order sent by defendant to plaintiff, there was no alternative to the *470 provision for the return of defective goods, leaving no course to plaintiff but to accept such return. In contrast, it is a fair assumption that if claimed defective' goods are retained the sale becomes final.
It is difficult to construe, as otherwise than affording an exclusive remedy as to any rights or warranties in favor of the buyer, a provision to the effect that, at the expense of the seller, defective goods will be returned, that no goods returned as defective may be replaced without a formal replacement order from the buyer, and that all goods shall be subject to the inspection and rejection of the buyer, although there is an absence of a specified time limit for the acceptance of the goods by the buyer. The defendant had only a reasonable time to decide, and, since it kept and used the press during the entire period of its contract with the United States and then sold it for a large sum of money, it could assuredly raise no question as to a reasonable time limit.
Plaintiff strenuously urges that, even if there were warranties which were breached in the sale of the press, the record contains no evidence that defendant was damaged thereby.
There was no testimony offered showing any difference between the value of the press as delivered, due to its alleged defective condition, and the sales price; and the testimony which it is alleged showed loss of profits because of delay in delivery of the press and inefficient operation thereof was more than counterbalanced by the fact that all defendant’s claimed additional costs were included in the award made by the United States to defendant upon renegotiation of their contract, in which the prices paid defendant by the United States were increased about 50 per cent above the original contract price, and by the fact that the United States paid for the additional press which was *471 used to supplement or perform the work contemplated to be done by the press furnished by plaintiff. An examination of. the record tends to support the contention of plaintiff in this respect.
However, we base the conclusion at which we have arrived upon the language used in the purchase order given to plaintiff by defendant, wherein it appears clear that the'parties intended that the remedy set forth therein was to be controlling and exclusive, and that a failure to avail itself of such remedy cut off the right of defendant to any advantage of implied warranties under the sales act.
As quoted in Clark Implement Co. v. Priebe, supra, “the provisions of the order in question were valid and binding on both parties, and, as long as purchasers will sign these orders, they must abide by them.”
In the present case the purchaser not only signed the order but prepared it.
It inevitably following, from what we have said, that the judgment of the Court of Appeals should be reversed, it hereby is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman and Taut, JJ., concur.
Matthias and Bell., JJ, not participating.