### HARRIS COUNTY v. JAMES CHARLTON ET AL.

#### No. 3636.   Decided June 24, 1922.

#### (243 S. W., 459.)

**1.—Fees of Office—County Treasurer—Maximum Fee Bill.**

The County Treasurer is not one of the officers whose fees are limited by the Maximum Fee Bill (Acts of June 6 and June 9, 1897, Laws, 25th Leg., Called Session, chapters 5 and 15, pp. 9 and 43; Act of April 3, 1913, Laws, 33d Leg., ch. 121, p. 246).   (P. 596).

**2.—Same.**

The commissions allowed the county treasurer are to be fixed by the Commissioners Court, with the restriction that the compensation allowed is not to exceed $2000 per annum (Rev. States., arts. 3873-3875). But this restriction applies only to his commissions on the county and the school funds, and not to those as treasurer of drainage and irrigation districts within the county, subsequently allowed him by the Legislature. As to these he is not required to account to the county as part of the $2000 to which his compensation for services as its treasurer is limited.   (Pp. 595, 596).

**3.—Case Approved.**

The rulings of the Court of Civil Appeals in Charlton v. Harris County, 228 S. W., 969, are approved and affirmed.   (P. 596).

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

The county brought suit against Charlton, County Treasurer, and his bondsman, and recovered judgment. Defendants appealed, and plaintiff, the county, obtained a writ of error from the Supreme Court on a judgment (228 S. W., 969) reversing and rendering in favor of appellants.

*Louis, Campbell & Nicholson,* for plaintiffs in error.

The Court of Civil Appeals erred in holding that Article 3875 of the Revised Statutes of the State of Texas, providing that "the commissions allowed to any county treasurer shall not exceed two thousand dollars annually," merely prescribes the maximum annual amount that may be allowed the treasurer by the Commissioner's Court for handling strictly county funds, and does not apply to or precl de retention by him of compensation in excess of said amount received by him during the same year from drainage and navigation districts for services rendered in handling their funds. .

The compensation which a county treasurer may retain from commissions collected from all sources is limited by statute to $2,000.00 per annum.

It is apparent from Const., 1876, art. 16, sec. 4 that the legislature was authorized to fix the compensation of County Treasurers and to restrict the maximum, and to change their duties and fees without any constitutional inhibition, except, of course, that such laws in reference thereto shall be of uniform operation.

Obedient to this constitutional provision, the Legislature of 1876 passed an Act to regulate the fees of officers (Gammel's Laws, Vol. 8, p. 1120), Section 15 of said Act (Id., 1128).

There is nothing in the section above which would even remotely suggest that the maximum of $3000 per annum should not apply to commissions from all sources. It applied to the "*compensation* allowed to any County Treasurer," which must comprehend commissions from all sources. It applied on every fund the Treasurer handled, or might handle. No exceptions whatever were made. Nothing could be read into or out of this statute which could change its obvious purpose to limit the entire compensation of the Treasurer to $3000.

It is apparent that the committee which revised the civil laws and presented same to the legislature on January 1, 1879, had placed the last portion of Section 15 of the Act of 1876, limiting the *compensation* of the County Treasurer at $3000 per annum, in said revision as a separate article, and had given the same the number "2405." The legislature evidently had before it this revision when it undertook to pass the Act approved April 7, 1879, further limiting the compensation of such officer, and thus changed the maximum amount of such compensation by simply amending said Article 2405 in the manner as heretofore shown. Such amendment, therefore, must be read in connection with Section 15 of the Act of 1876, and of the codification thereof as originally adopted by the Legislature of 1879. When so read it becomes clear that the commissions with respect to county funds, other than schools funds, were fixed by one article, and that the commissions on school funds were fixed by another article, and Article 2405 as amended had reference to the total commissions allowed under both of the preceding articles, and was simply the last sentence or provision of Section 15 of the Act of 1876, as amended in 1879. We

think that the word "compensation" in the original Act of 1876, and the word "commissions" in the Act of April 7, 1879, amending Article 2405, must be construed as being synonymous; and that it must be held that the legislature intended by the amendment of Article 2405 to limit the "commission" of the County Treasurer to $2000 per annum, which would, of course, embrace all commissions to be retained by him, and, therefore, necessarily include commissions on drainage and navigation district funds, as well as other funds. Article 2405, relating to maximum compensation, was specifically amended at the time when the same included commissions on school funds; and such condition continued thereafter, because no reference was thereafter made to the elimination of school funds in arriving at such compensation, and in the absence of such provision, commissions on school funds continued to be so included. When the legislature thereafter referred to school funds and reduced the Treasurer's commission for handling the same, it did not except such commissions from the maximum commissions therefore these continued as an element making up the total and maximum compensation to be received.

Our construction of the law is not affected by the fact that subsequent to the Act of 1876, fixing the maximum compensation for the County Treasurer, other duties were imposed upon the County Treasurer in handling funds of independent districts, etc., for which services it was provided that he should receive commissions. None of those Acts undertake to amend or repeal the Act of 1876, as amended in 1879, and the fact that by such later laws he is permitted to collect commissions for the funds handled for special districts does not necessarily mean that he is to *retain* such commissions, after receiving them, in excess of the maximum compensation theretofore provided under a different section of the revised statutes. This is clearly shown in the cases of Curtin v. Harris County, 203 S. W., 457, and Ward v. Harris County, 209 S. W., 793, both by this court.

There is nothing in either of those provisions which, even remotely, suggests that it was intended by the legislature to amend or repeal Article 3875, limiting the total compensation which the Treasurer might retain. It is not remotely intimated that he should *retain* those fees or commissions, after receiving them, in excess of, or in addition to, the compensation of $2000 per annum to which he is limited by the maximum compensation article. Repeals by implication are not favored, and it will not be implied that the legislature intended to repeal or amend the latter article, in the absence of express language clearly showing that intention. No intention is shown other than to provide additional fees or commissions which should go toward making up the maximum compensation of the Treasurer. In the event his commissions had not theretofore been sufficient to make the maximum, then these new commissions provided for would of course augment what he received from other sources. No intention is shown that he

should retain those commissions in addition to and in excess of his maximum compensation, any more than that the County Tax Assessor, County Tax Collector, County Clerk, or County Judge should retain the fees and commissions allowed to them in said Acts for services performed for such districts, in addition to the maximum compensation respectively allowed by law.

But, says appellant, those officers are controlled by the fee bill, and the Treasurer is not, and therefore the same answer cannot apply to him; and that because the Treasurer was not named as one of the officers to be affected by the fee bill of 1897, and amendments thereof, indicates that the legislature intended that the same rule should not apply to him. We submit, in reply, that the significance of the Treasurer not being mentioned in the fee bill, is quite to a contrary conclusion. He was then under a fee bill relating to his office alone. which fee bill had been in force for more than 20 years. If the legislature had not recognized this fact it is quite certain that the Treasurer would have been included in the fee bill or some of the amendments thereof, for the legislative policy has been to bring officers within the limitations of the fee bill, rather than to exclude or except them therefrom, with the result that practically all county officers, if not *all*, are now limited in the amount of their total compensation.

We wish now to refer to several cases showing that the Act of 1876, as amended in 1879, has been construed to limit the compensation to be retained by the County Treasurer from all sources. Bastrop County v. Hearn, 70 Texas, 563, 8 S. W., 303; Presidio County v. Walker, 69 S. W., 99; Davenport v. Eastland County, 94 Texas, 279; Harris County v. Hammond, 203 S. W., 448; Opinions of Attorney-General, 1912-1914, p. 159; Id., 216; Id., 223; Opinion of Attorney-General, May 1, 1919.

The contention is made that as Article 3924 is a part of Title 58, relating to fees of office, under which Article 3875 has been placed by the codifiers, the provisions of said latter article do not apply to the fees in question here, because such fees are provided for under other numbered titles of the revised statutes. This contention was expressly passed upon and determined adversely to appellant in the cases of Hammond v. Harris County, 203 S. W., 448; Curtin v. Harris County, 203 S. W., 453; Jones v. Harris County, 209 S. W., 208, and Ward v. Harris County, 209 S. W., 794.

The county has the right to sue for and recover commissions received and retained by the County Treasurer in excess of the $2000 per annum fixed by statute as his maximum compensation. Whatever fees and commissions are received by the County Treasurer from the various independent districts are collected and received by him as County Treasurer, and by virtue of the fact that he holds such office. If the Treasurer collects and receives such fees and commissions by virtue of his office and agency for the county, and if the statute fixes the total

compensation which he shall be allowed to retain out of the fees and commissions so collected, at $2000 per annum, then, when he undertakes to and does retain for himself such fees and commissions over and above said sum of $2000 per annum, he must point out some law authorizing him to retain and appropriate the same to his own use and benefit. Ellis County v. Thompson, 66 S. W., 49; State v. Moore, 57 Texas, 320; Hallman v. Campbell, 57 Texas, 54; McLennan County v. Boggess, 104 Texas, 311, 137 S. W., 348; Torbert v. Hale County, 30 So., 453; Troup v. Morgan County, 19 So., 503; Washita County v. Britt, 124 Pac., 57; Finley v. Territory, 73 Pac., 273; Broaddus v. Pawnee County, 88 Pac., 250; United States v. King, 147 U. S., 676; Anderson v. Board, 143 Pac., 1146; Sanderson v. Pike County, 93 S. W., 944; State v. Patterson, 132 S. W., 1185; Ward v. Harris County, 209 S. W., 794; Bexar County v. Linden, 110 Texas, 339, 220 S. W., 761.

Appellant was authorized to collect and receive the commissions provided by law for handling the funds of these districts. After receiving the same, together with the commissions allowed him by the Commissioners Court, he was only entitled by law to retain as his compensation $2000 per annum. He collected and received such fees and commissions as the officer, agent and representative of Harris County; and Harris County, as his principal, was entitled to receive all fees and commissions so collected by him, beyond the maximum compensation which he is allowed to retain.

*Geo. L. Charlton,* and *Carothers & Brown,* for defendants in error.

The trial court erred in rendering judgment against the defendants for the amounts collected by the defendant Charlton from the various drainage, navigation, canal and dredge districts, because Article 3875 does not apply to commissions collected by the County Treasurer from drainage, navigation, canal and dredge districts. R. S. 1911, Arts. 3924, 2607, 2608, 5987, 5988, 6001; R. S. 1911, Arts. 3881, 3886, 3889; Penal Code 1911, Arts. 110, 111, 112, 113; Davenport v. Eastland, 94 Texas, 280; House v. Dallas, 74 S. W., 901; Acts 1846, pp. 338-340; Acts 1876, p. 292; Acts 1891, p. 147; P. D. Arts., 3473, 3477, 3479; R. S. 1911, Arts. 3873, 3874, 3875; R. S. 1895, Arts. 2467, 2468, 2469; R. S. 1879, Arts. 2403, 2405, 3725, 3726; James v. Cammock, 129 S. W., 582; Neuces Co. v. Gussett, 213 S. W., 725.

The court erred in rendering judgment against the defendants for the various amounts collected by the defendant Charlton from the various drainage districts of the County because there is no law requiring the county treasurer to pay over to the County any amounts which he has collected from drainage district as compensation for his services rendered to such drainage districts. Same authorities.

There is no law requiring the County Treasurer to pay over to the County any amounts which he has collected from a navigation district

as compensation for services rendered to such navigation district. Same authorities.

The trial court erred in rendering judgment against the sureties on the various bonds of the defendant Charlton because the evidence showed that the payments to the defendant Charlton were voluntarily made by the County and the various navigation and drainage districts by warrants issued by them to the said Charlton and there was no evidence that the said Charlton had failed to pay over, according to law, any money that had come into his hands as county treasurer. Grayson County v. Cooper, 211 S. W., 249.

If Charlton had wrongfully collected moneys from the various drainage and navigation districts, the respective causes of action growing out of such collection rest in the respective districts from whom the money was collected and not in the County which, as a legal entity has no such interest in the funds of the districts. R. S., Art. 6001; Nueces Co. v. Gussett, 213 S. W., 725.

Where a County brings suit against its treasurer and his bondsmen to recover moneys voluntarily paid to the treasurer, the two year statute of limitation applies. Grayson County v. Cooper, 211 S. W., 249.

Appellants contend:

(1)   That under the express provisions of Art. 3924 the compensation provided for in the Drainage and Navigation Acts is not affected by the provisions of Art. 3875.

(2)   That Art. 3875 is and always has been a mere limitation of the power conferred by the Legislature upon the commissioner's court.

(3)   That there is no law requiring a County Treasurer to pay to the County all or any part of what he receives from Drainage and Navigation Districts.

(4)   That if the limitation in Art. 3875 ever applied to fees not regulated by the Commissioner's Court, as much thereof as conflicts with the Navigation and Drainage Acts has been repealed.

(5)   That Art. 3875 could not apply to what Charlton received from the Navigation District because that District paid him a salary and made no allowance for commissions.

(6)   That the bondsmen are not responsible for the return of money which was voluntarily paid to Charlton.

(7)   That under the facts in this case the two year statute of limitation applied.

(8)   That if Charlton has received more than he was legally entitled to collect, there is no basis in the pleadings or the evidence for determining what amount should be refunded to the County and what to the Drainage Districts and the Navigation District.

Art. 3875 by its terms applies only to "commissions." The Commissioners of the Navigation District have construed Art. 5988 as giving them the power to stipulate for a salary instead of commissions.

The undisputed evidence shows that Charlton has collected no commissions from the Navigation District, and that it makes no difference how much money he handles, his salary is the same. Without undertaking to determine the correctness of their construction, the fact remains that Charlton has not received any *commissions* from the Navigation District, and Art. 3875 cannot apply to a salary whether rightfully or wrongfully paid.

While we cannot conceive of any theory upon which it could be held that the $2,000 limitation of Art. 3875 covers fees received from Navigation and Drainage Districts, we still are of the opinion that if it does the plaintiff is not entitled to recover under its present pleadings. If the limitation does apply, then common sense tells us that the benefits of the limitation must be shared by the Districts as well as by the county. How the apportionment of the saving is to be regulated is one of the administrative difficulties connected with that view of the construction of the law. Counsel for appellee has at times suggested that if the county is not entitled to all the savings then the commissions should be calculated on each dollar as it is collected and each dollar as it is paid out, and when the aggregate amount reaches $2,000 the right of the treasurer to collect more commissions should cease. Perhaps he is right in his suggested solution if his construction of the limitation is correct, but neither his pleadings nor his evidence furnish a basis on which a judgment could be rendered, and besides what shall be done with the Navigation District which pays a salary and does not allow commissions? Perhaps it should be worked out on an equitable basis by ascertaining how much Charlton would have been entitled to collect from each if there had been no $2,000 limitation, and then ascertaining what part of the $2,000 should be paid by the county by calculating what proportionate part of the services rendered were rendered for the county. This might be ascertained by determining the ratio of what the County would have had to pay in the absence of any $2,000 limitation to what the County and the combined Districts would have had to pay but for such limitation. It is manifest here, however, that there is no basis in the pleadings or the evidence for a judgment based on this theory.

*C. M. Cureton,* Attorney-General, and *L. C. Sutton,* Assistant, also for defendants in error.

Article 3875 of the Revised Civil Statutes of 1911, providing that "the commissions allowed to any county treasurer shall not exceed two thousand dollars annually" is broad enough to preclude the county treasurer from retaining over and above $2000 annually commissions provided for receiving and disbursing as county treasurer drainage and navigation district funds. Veltman v. Slater, 110 Texas, 198, 217 S. W., 378; Nichols v. Galveston Co., 228 S. W., 547; Lewis' Sutherland Statutory Construction, 2nd ed., Sec. 247, 443, 472, 714; Cooley's Constitutional Limitations, 7th ed., p. 102; Ruling Case Law, Vol. 25,

pp. 1043, 1046, 1047; Am. & Eng. Ency. of Law, Vol. 23, p. 387; Presidio County v. Walker, 69 S. W., 97; Davenport v. Eastland Co., 94 Texas, 277, 60 S. W., 243.; Smith v. Wise Co., 187 S. W., 705; Wood County v. Leath, 204 S. W., 454.

The County of Harris had the right to sue for and recover commissions on drainage and navigation district funds retained by the county treasurer in excess of $2000 for each year. Nichols v. Galveston County, 228 S. W., 547; Am. & Eng. Ency. of Law, Vol. 23, p. 387.

It is beyond the scope of a drainage or navigation district act to amend the general statutes fixing the maximum compensation of county officials. The Constitution (Art. 3, Sec. 35) declares that no bill shall contain more than one subject. The matter of drainage districts is one subject; that of the compensation of county officials generally is another subject. To amend the statute regulating the maximum compensation of the county treasurer it would be necessary to do so in an act upon an appropriate subject to that end. Can it be said that the general maximum fee statutes can be amended in every act upon an entirely different subject simply because a new fee is provided for in such act? The appropriate method of amending the fee statutes as to the maximum would be in a legislative enactment for that purpose and not in a drainage or navigation district act. Altgelt v. Gutzeit, 109 Texas, 123, 201 S. W., 400.

MR. JUSTICE PIERSON delivered the opinion of the court.

The Court of Civil Appeals gives a concise statement of the case, as follows:

"James Charlton, as county treasurer for Harris County, collected and retained as his commissions for each of the years 1915 to 1918, inclusive, the sum of $2,000; in addition, in his capacity as treasurer of the various drainage and navigation districts within the county, he collected and retained during the same four year period—part of it from one and part from another of such districts—as his compensation for the latter service an aggregate amount of $3248.52.

"In the Court below the county recovered judgment for this $3248.52 against him and his bondsmen, and they appeal.

"Appellants (Charlton et al.) contend that Revised Statutes, Article 3875, providing that 'The commissions allowed to any county treasurer shall not exceed $2,000 annually,' merely prescribes the maximum annual amount that may be allowed the treasurer by the commissioners' court for handling strictly county funds and neither applies to nor precludes retention by him of compensation received during the same year from drainage and navigation districts for like service with reference to their funds."

The Honorable Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the defendants in error.

A law creating the office of County Treasurer was first enacted in 1846. The Legislature, instead of itself fixing that officer's salary or

compensation, delegated that authority to the County Court. Briefly following this office and the compensation allowed through the enactments of 1876, 1879 and 1891, to the present law as found in Vernon's Sayles' Texas Civil Statutes, Article 3873, 3874 and 3875, it is apparent that now, as at the beginning, the Legislature provided that the county commissioners' Court shall fix the commissions allowed to the County Treasurer for collecting county funds, and public free school funds, and fixed a limit as to the per cent of commission that may be allowed by the Commissioners' Court for handling these two funds, and also limited the total amount to be so allowed per annum. The law has been uniformly the same, with the exception of two changes; one the annual limit was reduced from $3,000 to $2,000, and the other the Legislature itself fixed the percent of commissions to be allowed the county treasurer by the Commissioners' Court for handling the school funds. In its opinion the Court of Civil Appeals says:

"A reading of this statute as so first passed irresistibly, it seems to us, impresses the idea that the legislature was doing nothing more than conferring a power upon the commissioners' court and then attaching a limitation to its exercise by that body; the solution of the meaning and purpose of the measure is found in its proviso, that is, the restriction was evidently intended to apply to the commissioners' court, and not to what the Legislature itself in the future might see fit to do; in other words, having in the main body of the article delegated to the local authority the power of fixing their treasurer's compensation, the last proviso—which, as above stated, has been reproduced as present Article 3875—was added simply as a curb against an excessive exercise of the prerogative granted, nothing more. And if that was the meaning of the proviso then, it is now that of its counterpart, the statute under construction."

After a careful review and study of the law of the case, we have concluded that the judgment of the Court of Civil Appeals should be affirmed.

The Court of Civil Appeals correctly held that the office of County Treasurer had not been placed under the Maximum Fee Bill by the Legislature, and also that there are no provisions of law requiring the County Treasurer to account to the county for commissions collected from drainage or navigation districts. The limit of $2000 in article 3875 does not apply to the commissions provided subsequently by the Legislature for the services to the drainage and irrigation districts, but applies only to the county and school funds as named in connection therewith.

For discussion of the issues involved herein, we refer to the opinion of the Court of Civil Appeals in this case, found in 228 S. W., page 969.

We deem it unnecessary to further analyze and discuss the issues involved.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*

Chief Justice Cureton took no part in the decision of this case.