**ROBINSON et al. v. WICHITA COUNTY.**

No. 13549.

Court of Civil Appeals of Texas. Fort Worth.

May 14, 1937.

Rehearing Denied June 11, 1937.

Bullington, Humphrey & King and A. E. Luecke, all of Wichita Falls, for appellants.

Ned McDaniel, Co. Atty., and Mathis & Caldwell, all of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

Jim Robinson was tax assessor for Wichita County during the years 1933 and 1934. The New York Casualty Company was surety on his official bond. During those years the county, acting through its commissioners' court, made advancements from the county treasury to pay for clerical work in connection with the assessor's office.

This suit was instituted by the county against Robinson and the surety on his bond to recover an amount alleged to be in excess over and above the amount the commissioners' court was authorized to allow as such advancements. The advancements were made at Robinson's request and semimonthly throughout the two terms of office.

The case was tried before a jury and at the close of the evidence the court instructed a verdict in favor of the county against Robinson and the surety company on his bond, jointly and severally, in the sum of $1,763.30.

From a judgment rendered in plaintiff's favor upon a verdict in compliance with that instruction, both defendants have appealed.

At the end of each year the assessor filed his official report with the commissioners' court, showing commissions earned for assessing the taxes and credits claimed.

The county auditor filed an audit made by him of the assessor's accounts, using the assessor's reports as a basis for the conclusion reached by him as to the amount of excess advancements made by the county. Judgment was rendered for the amounts so determined by him. The auditor's report, together with the assessor's reports, were introduced in evidence by the county without objection by the defendants.

Frank Johnson was introduced as a witness by the defendants. His testimony was sufficient, prima facie, to qualify him as an expert accountant. He examined the reports made by the assessor to the commissioners' court and testified, in effect, that in his opinion the same did not show an indebtedness by Robinson for excessive advancements in the amount testified by the county auditor. Robinson also testified in the case and while some of his testimony was in accord with the estimate made by the county auditor of the balance owing by him in excessive advancements by the county, other portions of his testimony were contrary thereto to some extent.

Error has been assigned to the action of the court in giving a peremptory instruction and in refusing to permit the jury to find the facts necessary to determine the amount of credits Robinson was entitled to as against the amount of advancements made to him by the commissioners' court.

■ Appellee insists that the opinion given by Johnson, as an expert accountant, was incompetent and therefore was not entitled to any weight as a matter of law. Dallas Railway & Terminal Co. v. Bankston (Tex.Com.App.) 51 S.W.(2d) 304, and other decisions there noted. Upon the trial the plaintiff objected to the admission of that testimony on that ground, which objection the court overruled. If appellee is correct in that contention, then the same applies with equal force to the conclusions testified to by the county auditor, although not objected to by the defendants on that ground, since incompetent testimony is without vitality, even though admitted without objection.

Without the aid of explanatory testimony, it would be exceedingly difficult to determine from the auditor's report and the assessor's reports just how much, if any, the advancements made by the county exceeded the compensation earned by the assessor for assessing the taxes, which is the controlling issue to be determined in this case, in view of the provisions of article 3937, Rev.Civ.Statutes, as amended (Vernon's Ann.Civ.St. art. 3937), which reads:

"The commissioners' court shall allow the assessor of taxes such sums of money to be paid monthly from the county treasury, as may be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county, (such sums so allowed to be deducted from the amount allowed to the assessor as compensation upon the completion of said tax rolls); provided, the amount allowed the assessor by the commissioners' court shall not exceed the compensation that may be due by county to him for assessing."

Article 3895, Rev.Civ.Statutes, as amended (Vernon's Ann.Civ.St. art. 3895) reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

■ Robinson earnestly insisted that he should be allowed credits against the advancements as ex-officio allowances, under that statute, and he testified to repeated applications to the commissioners' court for advancements upon the plea that the same were necessary in order to do the work required of him as the assessor. However, there was no proof of any order made by the commissioners' court for such an allowance in terms of that statute, and he testified pointedly that the commissioners' court specifically refused his request for such an order. If he sustained a hardship from loss by the refusal of the court to make him such an ex-officio allowance, he is in no position to complain, since that would be a risk incident to his office, which he voluntarily assumed.

■ Since the evidence relied upon consisted largely of testimony of accountants to determine the correct amount of advancements for which plaintiff was entitled to recover, the assignment of error to the action of the court giving a peremptory instruction is sustained and the case will be

remanded for further trial of that issue as between the plaintiff and defendant Robinson. And in this connection we deem it proper to suggest that the trial judge appoint an auditor, under the provisions of article 2292, Rev.Civ.Statutes, with authority as specified in that article, to the end that much of the difficulty in determining Robinson's liability to the plaintiff, if any, may be avoided.

■ Plaintiff's suit being to recover for excessive advancements made by the commissioners' court, which were void, the surety could not be held liable therefor. This is definitely settled by the decisions of this state. Steusoff v. Liberty County (Tex.Civ.App.) 34 S.W.(2d) 643, and decisions there cited. Hence, there will be no occasion for a remand of the case for another trial as against the surety company.

■■ Robinson offered to testify that it had been customary for the commissioners' court to consider advancements such as were made to him as ex officio allowances, under the statutes. The court did not err in sustaining plaintiff's objection to that testimony for two reasons, first, such a custom was not pleaded, and, second, the commissioners' court could not by custom thus evade the plain provisions of article 3895, noted above. Patton v. Texas & Pac. Ry. Co. (Tex.Civ.App.) 137 S.W. 721; Hull-Tex Oil Ass'n v. Pipes (Tex.Civ.App.) 240 S.W. 994; Spaeth & Co. v. Bevering (Tex. Civ.App.) 290 S.W. 802, and authorities there cited.

■ The contention is made that the action of the commissioners' court in accepting and approving the reports of the assessor should be given the effect of a judgment by a court of competent jurisdiction, which could not be collaterally attacked. Authorities cited in support of that contention are article 2351, Rev.Civ.Statutes, defining the general powers of the commissioners' court to "audit and settle all accounts against the county and direct their payment," and Callaghan v. Salliway, 5 Tex. Civ.App. 239, 23 S.W. 837; Williams v. Castleman, 112 Tex. 193, 247 S.W. 263;

Steusoff v. Liberty County (Tex.Civ.App.) 34 S.W.(2d) 643; Anderson County v. Hopkins (Tex.Civ.App.) 187 S.W. 1019; Hardy v. Lubbock County (Tex.Civ.App.) 89 S. W.(2d) 240.

We do not believe that those authorities are in point here, since they involved claims over which the commissioners' court had jurisdiction.

In the case of Steusoff v. Liberty County, supra, in which a writ of error was refused, it was expressly held that the court was without jurisdiction to allow different compensation from that fixed by article 3937, Rev.Civ.Statutes, and therefore the allowance in excess of the amount authorized by the statute was absolutely void and the county could recover the same, independently of the order approving the tax assessor's report. But, further, that since the allowance was void, the sureties on the tax assessor's bond were not liable. Of like effect was Jeff Davis County v. Davis (Tex.Civ.App.) 192 S.W. 291 (writ of error denied).

In Cameron County v. Fox, 2 S.W.(2d) 433, 436, the Commission of Appeals made the following holding: "Notwithstanding the payment to defendant in error was voluntarily made, the same being without lawful authority, the amount so paid may be recovered in an action by the county."

That decision was cited and followed in Nunn-Warren Publishing Co. v. Hutchinson County (Tex.Civ.App.) 45 S.W.(2d) 651, writ refused. To the same effect was Jeff Davis County v. Davis, supra; Nichols v. Galveston County, 111 Tex. 50, 228 S.W. 547; Charlton v. Harris County (Tex.Civ. App.) 228 S.W. 969, affirmed by the Supreme Court in 111 Tex. 588, 243 S.W. 459.

For the reasons indicated, the judgment of the trial court is reversed in its entirety and judgment is here rendered in favor of the New York Casualty Company, against whom no recovery could possibly be had under plaintiff's pleadings. Williams v. Safety Casualty Co. (Tex.Sup.) 102 S.W.(2d) 178. But the cause is remanded for further trial as between the plaintiff and appellant Jim Robinson.