**WEST TEXAS UTILITIES COMPANY,**
Appellant,

v.

**G. A. HUBER, Appellee.**

No. 3249.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1956.

Rehearing Denied Aug. 10, 1956.

Wagstaff, Harwell, Alvis & Pope, Abilene, for appellant.

Bradbury, Tippen & Brown, Abilene, Biggers, Baker, Lloyd & Carver, Dallas, for appellee.

GRISSOM, Chief Justice.

Huber recovered a judgment against the utility company for breach of a contract to install a lighting system that would properly illuminate his miniature golf course. The company has appealed. The jury found that (14) it was agreed that "if the plaintiff was not satisfied with any lighting work or arrangements installed by defendant, then the defendant would remove same without any charge to plaintiff for such equipment or work;" that (14–a) before plaintiff closed his golf course he did not unequivocally accept the lighting system as installed after knowing its defects and that (15) after plaintiff closed his golf course he "elected to retain the lighting system as then installed on such miniature golf course, after knowing of such system's defects * * *."

The substance of appellant's points is that because the jury found there was an agreement that if plaintiff was not satisfied defendant would remove the equipment without charge and that plaintiff retained the lighting system knowing of its defects plaintiff was thereby restricted to the remedy of rescission and could not maintain a suit for damages. Appellant contends that said findings entitled it to judgment as a matter of law. Appellant supports an able argument by citation of authorities including Nunn v. Brillhart, Tex.Com.App., 111 Tex. 588, 242 S.W. 459.; Oltmanns Bros. v. Poland, Tex.Civ.App., 142 S.W. 653 and Adams v. Crittenden, Tex.Civ.App., 191 S.W. 833, 835.

Appellant's contention should be sustained if the contract clearly shows that it was the intention of the parties to make removal of the equipment the exclusive remedy. The law is established that, with certain exceptions, parties may by contract so restrict their remedy.

■ "But the mere fact that the contract provides the buyer with a particular remedy does not, of course, necessarily mean that such remedy is exclusive. The provision may be merely permissive, in which case the remedy is regarded as supplementary of those afforded by law, and the buyer may follow it or not, 'as he chooses. Thus when a contract for the sale of machinery imposes upon the seller the duty of making good any parts thereof which may become defective within a year, but there is no provision making it obligatory upon the buyer to return any defective parts, he does not lose his right to relief if he does not return any parts." 37 Tex.Jur. 511, 512.

■ In Nunn v. Brillhart, Tex.Com. App., 111 Tex. 588, 242 S.W. 459, 461, the court said that when a provision for rescission in a guaranty contract is not merely permissive, giving the buyer an option, but is a part of the guaranty and is clearly expressed in mandatory terms such agreed remedy is exclusive. In Stark v. George, Tex.Com.App., 252 S.W. 1053, 1056, the court said:

"In a footnote to the case of Wasatch Orchard Co. v. Morgan Canning Co., [32 Utah 229, 89 P. 1009,] 12 L.R.A.,N.S., 540, it is said:

" 'If, in a contract for the sale of a chattel, a mere power, not obligatory, is conferred upon the buyer for the return of the chattel if not satisfactory, or if not as warranted, it is a general rule that the buyer, in such case, is not limited to that remedy alone, but he has an optional remedy, and, if he so chooses, he may retain the article and recover damages for breach of the warranty.'

"A reading of paragraph 1 leads necessarily to the conclusion that the warranty therein contained was only to make good any parts of the machinery which might become defective within one year, either in material or workmanship. But we do not think the paragraph provides that the return of the defective parts to the factory is a condition precedent to the liability of the company to make these parts good. That that was one remedy or power Stark had is clear. But there is no statement in the paragraph that the warranty requires such return before it becomes effective. The paragraph does not make it obligatory upon Stark to return these parts in order to claim offsets in a suit upon the notes for the cost of these defective parts. It not being clear from the paragraph that the return of the parts was an exclusive remedy, we think the trial court correctly allowed the offsets aggregating $320."

We think the quoted statement declares the law applicable here. The evidence does not conclusively show, and there is no finding, that there was an agreement that removal of the lighting equipment without charge was to be the exclusive remedy for the breach of contract found by the jury. The agreement found, that if plaintiff was dissatisfied appellant would remove the lighting equipment without charge, shows no more than a grant to appellee of an additional or supplementary right. The agreement found was permissive and, under the authorities, was not a finding of an agreement for an exclusive and mandatory remedy, but, at most, gave appellee a merely cumulative or additional remedy. It was not obligatory upon Huber to return the equipment.

In Powers v. Sunylan Co., Tex.Com. App., 25 S.W.2d 808, 809, 813, the court said:

"In Nunn v. Brillhart, Tex.Com. App. [111 Tex. 588], 242 S.W. 459, 461, it is said: 'When the provisions for return and rescission are merely permissive, it is generally held that they give the buyer an option to seek redress by that method, and his right

to seek redress if he chooses under the ordinary rules of law is not in any way impaired thereby' ".

The same case also cites authorities holding the buyer may waive the special provision, retain the article, and sue for damages for breach of the guaranty.

"In Mendenhall v. West Chester & P. R. Co., 36 Pa. 145, note, it is held: 'The fact that a contract by express provision grants a particular remedy does not exclude other remedies which the law annexes to the contract, un-less so inconsistent as plainly to imply such exclusion.' "

See also Magnolia Provision Co. v. Coleman, Tex.Com.App., 3 S.W.2d 412 and Crandall Engineering Co. v. Winslow M. R. & S. Co., 188 Wash. 1, 61 P.2d 136, 106 A.L.R. 1466.

The agreement found did not constitute a finding of a contract for a mandatory and exclusive remedy. Appellee had the right to retain the system and maintain a suit for damages. Appellant did not sue for its debt. The judgment is affirmed.