Marvin G. HERBER et ux., Appellants,

v.

Clayton W. SANDERS, Appellee.

No. 6941.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1960.

Rehearing Denied June 20, 1960.

---

Simpson, Adkins, Fullingim & Hankins, Amarillo, Homer A. Davis, Dalhart, Wayne Sturdivant, Amarillo, of counsel, for appellants.

Fike & Hunter, Dalhart, for appellee.

DENTON, Chief Justice.

This is a suit for specific performance of a contract for the sale of a tract of land containing approximately 80 acres. The parties entered into a written sales contract on December 22, 1958 with appellant agreeing to sell and appellee agreeing to purchase the land in question for a cash consideration of $15,900. The written contract provided " * * * the date of closing being January 10, 1959." Simultaneously with the execution of the contract the appellee deposited the sum of $1,590 as escrow money in a local bank. The abstract of title was brought up to date and placed in the hands of appellee's attorney for examination within a reasonable time as provided for in the contract. The contract further provided that if the abstract of title reflected that the seller, appellant herein, did not own as much as one-half of the royalties, the purchaser, appellee herein, would have the option to take or refuse to take the land. The record shows the examination of the title did reflect that the appellant was the owner of more than one-half of the royalties. Because of circumstances that will be discussed later in this opinion, the sale was not consummated on January 10, 1959 and appellant later refused to execute and deliver a deed to the property. Appellee then brought this suit for specific performance. Both parties subsequently filed motions for summary judgment. The trial court granted appellee's motion for summary judgment and denied appellant's motion.

Appellant duly perfected this appeal and brings forward two points of error. It is appellant's contention that the trial court erred in refusing appellant's motion for summary judgment because time was of the essence of the contract as a matter of law; and that the trial court erred in granting appellee's motion for the same reason stated in Point No. 1, and in the alternative that if time was not of the essence as a matter of law it was a fact question. We deem it advisable to discuss these two points together.

The basic question to be determined here is whether or not time was of the essence of the contract. We must first look to the contract itself in order to make this determination. The contract itself does not specifically spell out that time was of the essence. It merely stated the date of closing. We must therefore look to the nature of the contract and the action of the parties to determine this basic question.

▬ It is the contention of the appellant that this was a contract for the sale of a mineral interest, thus reasoning that in such cases time is of the essence of such contract as a matter of law. We are of the opinion that the law of Texas is clear that in a contract for the sale of a mineral interest, time is of the essence. Campbell v. Barber, Tex.Civ.App., 272 S.W.2d 750; Upham v. Banister, Tex.Civ.App., 44 S.W. 2d 1014. This rule is obvious because of the peculiar nature of mineral interests in that their value may undergo sudden and frequent fluctuations. We think it clear that the primary concern of the parties here was to sell and purchase the surface estate even through the appellee was requiring the appellant to convey at least one-half of the royalties. We are therefore of the opinion that the Campbell and Upham cases, supra, are not controlling here. Those cases dealt exclusively with mineral interests.

▬ As we understand the general rule of law, time is not of the essence of contracts for the sale of land. 10–A Tex. Jur., Sec. 251. The question whether time is of the essence of a contract is for the court to determine if the contract is unambiguous. Texas Associates v. Joe Bland Const. Co., Tex.Civ.App., 222 S.W.2d 413. The contract here did not expressly specify that time was of the essence and can not be said to be ambiguous. A day certain for closing can not be said to be such a stipulation. We must therefore look to the circumstances surrounding the proposed sales transaction to determine the intention of the parties. 91 C.J.S. Vendor and Purchaser

§ 104, Page 1001; Chandler v. Riley, Tex. Civ.App., 210 S.W. 716.

After carefully examining the record here, including the depositions of both parties, we are of the opinion they did not intend that the insertion of the closing date should be interpreted that time was of the essence. Appellant testified by deposition he did not definitely make up his mind not "to go through with it" until sometime after January 12, 1959. In fact, the appellant stated "I was on the fence there for several days. I will put it that way." It is obvious that the appellant did not consider time was of the essence. It is undisputed that appellant did not present himself in the attorney's office on the date of closing until after regular office hours. It is likewise undisputed that he returned to the same office two days later for the same purpose, again after office hours. It is apparent that this conduct on his part precludes his asserting that time was of the essence of the contract.

■ Appellant further contends that the contract in question was in reality an option contract in that appellee had the option of accepting or rejecting the sales contract if appellant did not own at least one-half of the royalties. Unquestionably, time is of the essence in option contracts. 43-A Tex.Jur., Sec. 74; Copeland v. Bennett, Tex.Civ.App., 243 S.W.2d 264; Grier v. Stewart, Tex.Civ.App., 136 S.W. 1176. However, in this case appellant did in fact own more than one-half of the royalties. Therefore, appellee was under a contractual obligation to purchase the property under the terms set out in the contract. We therefore hold that the contract before us is not an option contract.

In the light of the absence of an express provision in the contract making time of the essence, the nature of the property to be sold, and the circumstances surrounding the transaction including the conduct of the parties showing their clear intentions, we are of the opinion that the trial court

correctly held time was not of the essence as a matter of law.

Finding no reversible error, the judgment of the trial court is affirmed.