**ALCO OIL AND GAS CORPORATION,**
**Appellant,**

v.

**CONCORD OIL COMPANY, Appellee.**

No. 14169.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 8, 1964.

Rehearing Denied Feb. 5, 1964.

**464**

Cox, Smith & Smith, San Antonio, for appellant.

Dodson, Duke & Branch, San Antonio, for appellee.

BARROW, Justice.

Alco Oil and Gas Corporation filed this suit to recover from Concord Oil Company the sum of $23,000 under the terms of a written contract between the said parties, bearing date of February 8, 1961. Concord counterclaimed for damages for breach of this contract. After a jury trial, the trial court entered judgment that Alco take nothing by its suit and that Concord recover the sum of $23,000 on its cross-action. Alco has perfected this appeal.

The appeal is controlled by the construction of the written contract. This contract was written by Concord and relates to the assignment to Alco by Concord of a riverbed lease of 220 acres in the Colorado River in Colorado County, Texas. On December 15, 1959, Concord was granted a lease from the State for a primary term of five years. The contract of February 8, 1961, provided generally for the assignment of this lease to Alco for a cash consideration of $23,000 to be paid by Alco, and the reservation by Concord of a one-fourth interest after the payment of acquisition and drilling costs. A well cannot be drilled in the riverbed and a lessee is given the right of eminent domain by State law to secure a surface drilling site on property adjoining the riverbed. Under the contract Concord agreed to secure the drill site.

Alco's claim is based on the following covenant contained in paragraph V of the contract: "If we (Concord) are unable to

secure and assign to you such surface location by June 1, 1961, after a bona fide good faith attempt on our part to do so, you shall be relieved from all further liability hereunder, and upon tender of reassignment of the above described lease, Concord firmly agrees and obligates itself to refund to you (Alco) the cash consideration theretofore paid by you to us under the terms of this agreement, and thereafter we shall both be relieved from further liability under the terms hereof."

It is undisputed that Concord did not secure the drill site until June 6, 1961. On June 1, 1961, Alco notified Concord that it was terminating the contract, and on June 7, 1961, the lease was reassigned to Concord by Alco. Concord refused to refund the $23,000 cash consideration paid to it by Alco, and this suit was filed by Alco to recover same. Concord asserts that time was not of the essence of the contract and that it complied with the contract by securing the drill site on June 6, 1961. Concord further alleged that in any event Alco was estopped by its course of conduct to assert that time was of the essence. In its cross-action, Concord alleged that the contract was breached by Alco's refusal to drill the well after being furnished the drill site on June 6, and that Alco was estopped to assert that time was of the essence.

The jury returned a verdict substantially as follows: (1) That the parties did not intend that time should be of the essence of the agreement of February 8, 1961; (2) that Alco, by the course of conduct of its officers and agents between February 8, 1961, and June 1, 1961, led Concord reasonably to believe that Concord's failure to have the drill site by June 1, would not cause Alco to attempt to terminate the agreement on June 1; (3) that Concord relied upon such conduct of Alco to the extent that it in good faith believed no action would be taken by Alco to attempt to terminate the agreement on June 1, because of Concord's failure to secure the drill site; (4) that Concord could and would have secured a drill site by June 1, but for

this belief; (5) that $23,000 would be the reasonable market value on August 1, 1961, of Concord's one-fourth interest in the lease if Alco had drilled and completed the well by August 1, 1961.

Alco urges by this appeal that time was of the essence as a matter of law under the provisions of the contract. Alco also urges that all the essential elements of estoppel were neither pleaded, raised by the evidence, nor properly submitted in the court's charge to the jury. Concord, by a counterpoint, urges that Alco did not timely tender the reassignment of the lease under the terms of the contract.

■ Neither party has asserted that the written contract is ambiguous. It is therefore our duty to construe the contract as an entire instrument in order to determine its effect and meaning. Parol evidence is not admissible to aid in this construction. Steeger v. Beard Drilling, Inc., Tex., 371 S.W.2d 684; Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255. Such a construction of the contract demonstrates that time was of the essence of the contract.

■ The last numbered paragraph of the contract provides: "This agreement shall inure to the benefit of, and shall be binding upon, Alco Oil and Gas Corporation and Concord Oil Company and their respective successors and assigns, *and it is understood that time is of the essence hereof."* (Emphasis ours.) There is nothing in the contract which is inconsistent or casts any doubt on this specific agreement "that time is of the essence" thereof. Cf. Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555.

The contract consists of five single-spaced typewritten pages which detail all covenants between said parties. All occurrences called for by the contract are limited by certain times and specific dates. The contract contemplates that Concord might not be able to negotiate with the adjoining landowners for a drill site and provides for the institution of condemnation proceed-

ings by Concord. There is no provision of the contract which is inconsistent with the covenant that Concord must secure the drill site by June 1, 1961, or Alco would be relieved of all liability under the contract. Under the express agreement of the parties, time was of the essence. There was no issue of fact raised as to whether or not time was of the essence, and the trial court erred in not disregarding the jury's answer to Question No. 1. Herber v. Sanders, Tex.Civ.App., 336 S.W.2d 783; Texas Associates v. Joe Bland Const. Co., Tex.Civ. App., 222 S.W.2d 413; 13 Tex.Jur.2d, Contracts, § 287. The trial court further erred in not holding, as a matter of law, that Concord failed to comply with the contract when it did not deliver the drill site by June 1, 1961.

■■■ Concord alleged as a defense to Alco's claim and as an alternative ground for its own cross-action, that the conduct of Alco's officers and agents, between Feb. 8, 1961, and June 1, 1961, was such that it led Concord to believe that Alco would not insist upon the provision of the contract requiring Concord to furnish a drill site by June 1, and therefore that Alco should be estopped to claim this breach. It is well settled that estoppel is defensive in character and does not create a cause of action. Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660; Cotton Belt State Bank v. Roy H. Hatcheries, Inc., Tex.Civ. App., 351 S.W.2d 325; Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, Tex.Civ.App., 85 S.W. 2d 937; 22 Tex.Jur.2d, Estoppel, § 2. Therefore, Concord's plea of estoppel is inapplicable to support its cross-action for damages for breach of contract.

Alco asserts that Concord's defensive plea of estoppel was not established in that all the essential elements of estoppel are not present in this case. It is seen that Concord does not rely on any specific misrepresentation or concealment. It charges, however, that the general course of conduct of Alco's officers and agents led Concord to believe that Alco would not terminate the contract so long as Concord was exercising a good faith attempt to secure the drill site.

■■ It is well settled that in order to constitute an equitable estoppel or an estoppel in pais, there must exist: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge, or the means of knowledge, of those facts; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Kelly v. Heimer, Tex.Civ.App., 312 S.W.2d 430; Terrell Hills Baptist Church v. Pawel, Tex.Civ.App., 286 S.W.2d 204; 22 Tex. Jur.2d, Estoppel, § 8. It is recognized that silence, where the party is under a duty to speak, may amount to a concealment. Humble Oil & Refining Co. v. Harrison, 146 Tex. 216, 205 S.W.2d 355; Johnson v. Sovereign Camp W. O. W., 125 Tex. 329, 83 S.W.2d 605; 31 C.J.S. Estoppel § 87. For estoppel to be based on silence or inaction, there must be some element of turpitude or negligence connected with the silence or inaction by which the other party is misled to his injury. Humble Oil & Refining Co. v. Trapp, Tex.Civ.App., 194 S.W. 2d 781, writ ref.

The course of conduct relied upon by Concord consists of several letters and telephone calls between two officials of Alco and the President of Concord after the execution of the contract and before June 1, 1961. It is seen that a substantial part of this evidence has no connection with the obtaining of the drill site by Concord, but relates to subsequent negotiations between the parties in regard to a proposed turnkey contract for Concord to drill the well for Alco for an agreed price. There were many negotiations relative to the various items which would form the basis for the agreed price. Likewise, there were several exchanges of correspondence relative to a railroad crossing agreement, which have

no relationship to acquisition of the drill site. All evidence which has any relevancy whatsoever to the acquisition of the drill site clearly shows a knowledge by Concord of the covenant for Concord to secure the drill site by June 1st.

It is undisputed that Concord encountered considerable opposition from the adjoining landowners and their lessee in attempting to secure the drill site. After negotiations were unsuccessful, Concord instituted condemnation proceedings on March 6, 1961, as provided in the contract. A technical error was discovered by the landowners and it was necessary to refile same. The landowners secured a restraining order which prevented a hearing on this second petition, on April 20th. Another petition was filed and set for May 31st. This hearing was restrained on May 30th, but the restraining order was dismissed prior to the time of hearing on the 31st. The condemnation hearing began on the 31st but the commissioners recessed same until June 5th, at which time an award was made. Concord posted the necessary bond to secure the drill site on June 6th.

Concord kept Alco advised of all these delays in the condemnation proceedings. It is seen from the letters introduced in evidence and the testimony of Concord's president, that it was contemplated by Concord, until it was restrained on May 30th, that it would be able to secure the drill site by June 1st. There was testimony by Concord's president, that around the middle of May he advised the general attorney of Alco that Concord would like a thirty-day extension and the attorney promised to advise if an extension was not satisfactory. There is no contention by Concord that the contract was modified or extended, but it is asserted that Alco's silence raised the issue of estoppel. Concord does not contend that this silence caused it to change its position in any manner.

■ The estoppel issue narrows to this point—Was there a duty raised by Concord's difficulty in carrying out its covenant to secure the drill site which required Alco to advise Concord that Alco would insist on the termination date provided in the written contract? We think not. There is nothing in the record which indicates that either Alco or Concord was not aware of the specific terms of the contract and attempting to comply with same. Concord asserts that at any time it could have paid the landowners' demands and secured a drill site. Concord knew the terms of the contract and proceeded at its own risk. Concord complied with that part of the contract which called for it to use good faith in attempting to secure the drill site. It did not comply with the further provision which required it to secure same by June 1, 1961. Alco refused to accept same after that date. The record shows that until May 30th Concord believed and informed Alco that it would secure the drill site by June 1st. Nothing occurred between May 30th and June 1 which would estop Alco. Concord's evidence shows only that Alco's general attorney was "non-committal" when Concord advised Alco that the restraining order of May 30th would delay its performance a few days.

■ The fact that Concord accepted part of the cash consideration from Alco a few days after it was due on April 1 would not require Alco to waive this unrelated breach by Concord. Likewise, the fact that Concord spent more money in securing the drill site than was originally contemplated would not estop Alco from asserting its contractual right to terminate the contract.

It is therefore our opinion that there is no evidence of a false representation or concealment of material facts by Alco which was relied upon by Concord. Concord, therefore, failed to establish its defense of estoppel and the trial court erred in not disregarding these findings contained in Questions Nos. 2, 3 and 4 of the charge.

■ Concord asserts that, in any event, Alco should not recover the cash consideration paid by it, as Alco did not tender the

reassignment until June 7th. It is undisputed that on June 1, Alco notified Concord by telephone and telegram that it was electing to terminate the contract since Concord had not secured the drill site, as required by the contract. That was all that the contract required. The contract further provided that "upon tender of the reassignment," the cash consideration would be refunded. It is seen that there is no time given for this reassignment to be accomplished, although under the plain provisions of the contract it would be subsequent to June 1st. It is not contended by Concord and it cannot be said that June 7th is an unreasonable time to tender this reassignment.

The judgment of the trial court is therefore reversed and here rendered that Alco recover from Concord the sum of $23,000 with interest from June 7, 1961, and that Concord take nothing by its cross-action.