**LEE–EMMERT, Appellant,**

v.

**MACATEE, INC., Appellee.**

No. 16839.

Court of Civil Appeals of Texas.

Dallas.

Dec. 30, 1966.

Oswin Chrisman, of Palmer, Green, Palmer & Burke, Dallas, for appellant.

Christopher M. Weil, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Lee-Emmert, a corporation, and a general contractor, sued appellee Macatee, Inc. for damages caused by delays in delivery of 228,000 Mexican adobe bricks to be used in the construction of an apartment building. This appeal is from a summary judgment in favor of appellee Macatee, Inc. that appellant take nothing.

This suit is a consolidation of two suits. Appellee Macatee, Inc. as plaintiff sued Lee-Emmert as defendant for the purchase price of the bricks. Lee-Emmert as plaintiff in a separate action sued Macatee, Inc. as defendant for damages for delays in delivery of the bricks. In the consolidated suit Lee-Emmert, Inc. occupied the position of plaintiff and Macatee, Inc. the position of defendant-plaintiff in a counterclaim.

Except insofar as its counterclaim for the purchase price of the bricks may be so regarded, Macatee, Inc. did not file an answer to the suit of Lee-Emmert for damages for delays in deliveries.

Appellee Macatee filed motions for summary judgment both in its cause of action against appellant and in appellant's cause of action against appellee. Both motions were sustained. An interlocutory judgment was rendered in the action by Macatee, Inc. for the purchase price of the bricks. Later the summary judgment was rendered in the damage action from which judgment this appeal is taken.

Appellant does not deny that it is liable for the purchase price of the bricks. But it says in substance that it is entitled in the final judgment to offset its indebtedness to Macatee, Inc. by the damages it suffered by reason of Macatee's delays in delivery.

In its point on appeal appellant asserts that there are material fact issues disclosed by the record in its action for damages which could not properly be resolved against appellant in a summary judgment.

The sale of the bricks is evidenced by a written order accepted by appellee. This order provides that the bricks were to be delivered by appellee to appellant at the rate of 50,000 per week beginning April 20, 1964.

Appellant's written order contains the following provisions:

"3. We reserve the right to cancel this order, without cost or obligation to us, if shipment is not made in accordance with all terms of this written order.

"— Time is of essence."

Most of the material facts are undisputed. Appellee admits in its brief that (1) time was of the essence of the contract, (2) there were delays in delivery, and (3) appellant sustained damage. Appellee even admits that there are fact questions present but says that they are not material or necessary to a disposition of the case on appeal. Appellee takes the position that there was no liability on its part because (1) under the terms of the contract appellant's exclusive remedy—that is, its *only* remedy—for delays in the scheduled deliveries was to cancel the contract and (2) by accepting the delayed deliveries of the bricks appellant as a matter of law waived its only remedy, cancellation, and as a matter of law is not entitled to maintain a suit for damages.

■ We do not agree with appellee as to appellant's right to maintain suit for damages. In our opinion the quoted paragraph in regard to the right of appellant to cancel the contract is permissive in character. It does not have the effect of limiting appellant to the remedy of cancellation. Nowhere in the written order do we find any provision which may be interpreted to mean that if appellant fails to exercise its right of cancellation it thereby loses its right to the remedy of damages for delay in deliveries.

■ In Nunn v. Brillhart, 111 Tex. 588, 242 S.W. 459, 461 (Tex.Com.App. opinion adopted) there is this significant statement:

"When the provisions for return and rescission are merely permissive, it is generally held that they give the buyer an option to seek redress by that method, and his right to seek redress if he chooses under the ordinary rules of law is not in any way impaired thereby."

See also West Texas Utilities Co. v. Huber, Tex.Civ.App., 292 S.W.2d 702 (ref. n. r. e.); and Powers v. Sunylan Co., 25 S.W.2d 808 (Tex.Com.App.).

■ By accepting the delayed deliveries of the bricks appellant undoubtedly waived its right to cancel the contract. However, we think it is a fact question whether appellant by accepting the delayed deliveries waived the provision that time

was of the essence, or waived its right to sue for damages. Alco Oil and Gas Corp. v. Concord Oil Co., Tex.Civ.App., 375 S.W. 2d 463 (affirmed 387 S.W.2d 635); West Texas Utilities Co. v. Huber, supra; Ford v. Culbertson, 158 Tex. 124, 138, 308 S.W. 2d 855, 865. Waiver is ordinarily a question of fact and intention is usually a necessary element in determining the question. Kennedy v. Bender, 104 Tex. 149, 135 S.W. 524; Ford v. Culbertson, supra.

In its response to appellee's motion for summary judgment Merlin Lee, President of Lee-Emmert, in an affidavit in proper form under Rule 166–A, Vernon's Texas Rules of Civil Procedure, swore (1) that in April 1964 he agreed with Mr. Harry Vaughn representing Macatee for the purchase of 228,000 bricks at a price of $47 per thousand; (2) that Mr. Vaughn at the time was informed of the necessity for the prompt delivery of the bricks because Lee-Emmert was then engaged in the construction of an apartment complex at 4217 Brown Street in the City of Dallas; (3) that said bricks were to be delivered beginning April 20, 1964 at the rate of 50,000 bricks per week; (4) that Lee-Emmert sent and delivered to appellee the written order agreement; (5) that appellee failed to deliver the bricks on time; (6) that due to such failure monetary damage was caused to Lee-Emmert as follows:

(a) Additional sheet metal was required to be applied to roofs—additional cost: $392.

(b) Four moves in and out of the building site were required by various bricklayer subcontractors—additional cost: $6,209.

(c) Water damage: $693.

(d) 56 additional days' interest on $700,000: $5,395.47.

(e) Additional overhead expense: $400 per week.

Total damages: $15,889.51.

 Since this was a summary judgment all doubts as to the existence of a genuine issue of material fact must be resolved against appellee. Appellant is entitled to the benefit of every reasonable inference which can properly be drawn in its favor. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233, 235.

Believing that the record presents a fact question as to waiver of damages we sustain appellant's point on appeal and reverse the judgment and remand the cause for a trial.

Reversed and remanded.