### VANDERGRIFF CHEVROLET COMPANY, INC. d/b/a Hooker Vandergriff, Appellant,

v.

### FORUM BANK, Appellee.

### No. 18412.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 26, 1981.

Rehearing Denied March 26, 1981.

Cantey, Hanger, Gooch, Munn & Collins, and S. G. Johndroe III and Lynette Guy Williamson, Fort Worth, for appellant.

Law, Snakard, Brown & Gambill, and Alan Wilson, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

The trial court rendered summary judgment that Forum Bank the assignee of a retail installment contract, be indemnified by Vandergriff Chevrolet Company, Inc. d/b/a Hooker Vandergriff, the assignor, for damages theretofore recovered against Forum Bank by Alan H. Wilburn, the purchaser in the retail installment contract assigned.

We affirm.

In 1976 Vandergriff sold a pick-up truck to Wilburn. A "Retail Installment Contract And Security Agreement" was executed pursuant to the sale. Vandergriff and Forum Bank had an assignment agreement setting forth the conditions under which Forum Bank would purchase "Retail Installment Motor Vehicle Contracts arising from the sale of Motor Vehicles." The assignment agreement provided in pertinent part:

"M. *Retail Seller's Warranties*:

"With respect to each Retail Installment Contract that is assigned to the Bank, the Retail Seller shall warrant, in addition to any warranties contained in the assignment and *regardless of the form of the assignment*, that (Emphasis Ours.)

"(2) Each sale was made in conformity with all applicable statutes both federal and state, then in effect;

"N. *Retail Seller's Obligation to Repurchase Retail Installment Contracts*;

"(1) *Retail Seller's Breach of Covenants, Warranties, etc.*

"In the event of any misrepresentation, breach of covenant, warranty or agreement on the part of the Retail Seller with respect to a Retail Installment Contract or should the Retail Seller fail or refuse to perform any of the terms, conditions, requirements or obligations of the agreement or should any Retail Buyer claim, either orally or in writing, that he has any defense, setoff or counterclaim which affects any Retail Installment Contract, the Retail Seller shall immediately upon written demand, repurchase the Retail Installment Contract(s) affected or that will be affected in the opinion of the Bank in any manner, either directly or indirectly, by the occurrence of any of the above named events, for an amount equal to the unpaid balance owing and outstanding on said Contract(s)."

Wilburn filed suit against Forum Bank alleging violations of the Texas Consumer Credit Code and the Federal Truth in Lending Act. By a third party action Forum Bank sought indemnity from Vandergriff in the event Wilburn should recover from Forum Bank. Wilburn moved for summary judgment against Forum Bank who in turn moved for summary judgment against Vandergriff in its third party action for indemnity. The trial court granted Wilburn's motion for summary judgment as well as Forum Bank's motion. That part of the trial court's judgment relating to the granting of Forum Bank's motion for summary judgment is before this court.

Vandergriff's third point of error is that the trial court erred in rendering summary judgment favorable to Forum Bank in view of the issues of fact raised by the summary judgment evidence with regard to the exclusivity of the remedy provided for by the assignment agreement and the absence of any written demand to repurchase as called for therein.

 The issue as to whether the remedy of repurchase by Vandergriff of the retail installment contract is exclusive under the assignment agreement in question here presents a matter of contract construction. The summary judgment record contains no assertion of ambiguity by either party. Where there is no ambiguity asserted the construction of a written instrument is a question of law for the court. *Miller v. Doughty*, 520 S.W.2d 586 (Tex.Civ.App.—Corpus Christi 1975, no writ.)

Vandergriff's first point of error asserts that the trial court erred in rendering summary judgment and granting full and complete indemnity in favor of Forum Bank under the terms of the assignment agreement because such holding is incorrect as a matter of law. In its brief Vandergriff argues that the parties to the assignment specified that the contracts assigned to Forum Bank were to be endorsed "without recourse." Contention is, therefore, Forum Bank had no recourse against Vandergriff with regard to the retail installment sales contract except that of repurchase by Vandergriff upon written demand made by Forum Bank.

 Remedies provided for in a contract may be permissive or exclusive. The mere fact that the contract provides a party with a particular remedy does not, of course, necessarily mean that such remedy is exclusive. *West Texas Utilities Company v. G. A. Huber*, 292 S.W.2d 702, 703 (Tex. Civ.App.—Eastland 1956, writ ref'd n.r.e.). A construction which renders the specified remedy exclusive should not be made unless the intent of the parties that it be exclusive is clearly indicated or declared. *Tabor v. Ragle*, 526 S.W.2d 670 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *West Texas Utilities Company v. Huber, supra; Wilburn v. Missouri-Kansas-Texas R. Co. of Texas*, 268 S.W.2d 726 (Tex.Civ.App.—Dallas 1954, no writ); *Nunn v. Brillhart*, 111 Tex. 588, 242 S.W. 459 (1922). In determining the intent of the parties to an unambiguous written instrument the general rule is that every clause must be given effect with a view toward what is objectively stated rather than what is subjectively meant by the parties. *Skyland Developers, Inc. v.*

*Sky Harbor Associates,* 586 S.W.2d 564 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Berman, Fichter & Mitchell, Inc. v. Kahn,* 573 S.W.2d 869 (Tex.Civ.App.—Eastland 1978, no writ.)

The retail installment sales contract expressly states that the warranties enumerated are extended "regardless of the form of the assignment." However, as Vandergriff asserts, the agreement specifies elsewhere that assigned contracts shall be endorsed "without recourse."

A qualified indorsement "without recourse" has ramifications as to the contract liability of the indorser (Tex. Bus. & Comm. Code Ann. § 3.414 (1968)) as well as the warranty liability of the indorser (Tex. Bus. & Comm. Code Ann. § 3.417(c) (1968)). We hold that by extending the enumerated warranties "regardless of the form of the assignment" the parties intended the "without recourse" indorsement to be effectual in limiting the contractual bases of liability only. In as much as Forum Bank's cause of action is predicated on a breach of warranty theory we further hold that there is no indication of an intent that the remedy of repurchase be the exclusive remedy in the event of the breach of any the warranties enumerated.

Vandergriff's second point of error is somewhat related to its third. Vandergriff therein contends that the trial court erred in rendering summary judgment in favor of Forum Bank because written demand to repurchase the subject retail installment contract is a necessary prerequisite, in the nature of a condition precedent, to any type of recovery or remedy which Forum Bank may claim. Suffice it to say that Forum Bank did not seek recourse under the remedy specified in the assignment agreement, therefore the prerequisites to recovery under the specified remedy are irrelevant.

We overrule all of Vandergriff's points of error.

The judgment is affirmed.