Angelo STERGIOS et al., Appellants,

v.

Phyllis BABCOCK, Appellee.

No. 17996.

Court of Civil Appeals of Texas, Fort Worth.

June 22, 1978.

Rehearing Denied July 20, 1978.

Diamond J. Pantaze, Dallas, for appellants.

Stockard & Stockard and Joseph E. Stockard, Denton (no brief filed), Coleman, Whitlock & Baldridge and Royce Coleman, Jr., Denton (no brief filed), for appellee.

OPINION

HUGHES, Justice.

Angelo Stergios, Basil Stergios, Andrew Kastanos and Thero D. Pantaze, plaintiffs below, have appealed a judgment rendered on their suit for damages against Phyllis Babcock. Appellants' suit alleged breach of provisions in a vendor's lien promissory note. Trial was to a jury, which awarded

appellants $24,860.80. On its own motion, the trial court rendered judgment for appellants for only $12,738.40 (representing 1976 interest payment and back taxes paid into registry of the court) and allowed appellee, Phyllis Babcock, to retain an interest payment of $12,122.40 (late 1975 interest payment) made by appellants.

Appellee did not file a brief.

We reverse and render in part and affirm in part.

Appellants contracted to buy a 53.49 acre tract of land from appellee and her (since divorced but now deceased) husband. She acquired the note in the divorce settlement. Total consideration for the land was $209,-179.95 broken down as follows: $1,500.00 down, $34,502.74 at closing, vendor's lien promissory note (secured by deed of trust) $173,177.21. The note provided for six annual, interest only, payments of $12,122.40.

The note had a clause which recited: "In the event of any default hereunder or under the Deed of Trust securing this Note, the Holder of said Note shall not be entitled to a personal judgment against the Maker hereof or his successors or assigns, it being expressly understood that there exists *no personal liability hereunder, and that the sole and only remedies of the Holder of said Note in the event of default shall be the property,* subject to such Vendor's and Deed of Trust Lien for satisfaction of this Note." (Emphasis added.)

The deed of trust and the warranty deed had similar clauses.

Herewith is a chronology of pertinent happenings:

May 15, 1975 – Appellants defaulted on interest payment.

May 16, 1975 – Appellee accelerated maturity of note, without notice given before maturity.

June 6, 1975 – Appellee had "Notice of Trustee's Sale" posted, scheduled for July 1, 1975.

After receiving such notice, appellants paid the $12,122.40 interest payment by check.

June 23, 1975 – Appellee cashed the check.

July 1, 1975 – Appellee had the property sold at trustee's sale and bought it herself for $35,000.00.

Our concern in this appeal is whether the trial court erred in disregarding the jury verdict in not awarding the appellants the $12,122.40 representing their late $12,122.40 1975 interest check and interest therefor from July 1, 1975 to date of judgment (July 18, 1977).

It is appellants' contention that appellee had two options when she got the check: Either (1) accept the check and cancel maturity acceleration of note and the trustee's sale or (2) return the check and proceed with the trustee's sale.

■ Parties to a contract may agree upon remedies for breach thereof and that the agreed remedy is exclusive. *O'Neal v. Bush & Tillar,* 108 Tex. 246, 173 S.W. 869 (1915); *Doyle v. Second Master-Bilt Homes, Inc.,* 453 S.W.2d 226 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). The parties here contracted for an exclusive breach remedy in the note, vendor's lien and deed of trust here involved. How can one interpret "no personal liability" and "sole and only remedies . . . shall by the property?" Obviously it means the one exclusive remedy of foreclosure on the property and nothing else, not even a late $12,122.40 interest check which happened to come into the holder's hands. We hold that appellee was bound by her election to foreclose and thereby barred from also retaining the check. We sustain the first point of error.

■ Trial court having denied appellants' demands for return of the proceeds of the check also, in effect, denied them interest on the money withheld from them by appellee. We hold that appellants are entitled to such interest from appellee and sustain the second point of error. Compensation for detention of that which is due is an element of damages necessary to complete indemnity of the injured party. *Watkins v. Junker,* 90 Tex. 584, 40 S.W. 11 (1897); *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80 (Tex.1976).

Having sustained all of appellants' points of error, we reverse the judgment of the

trial court as to its having decreed appellee's retention of the $12,122.40 check and render judgment that appellants recover, in addition to that previously adjudged to them, from appellee the sum of $12,122.40, plus interest thereon at 6% per annum from July 1, 1975 to July 18, 1977 and at the rate of 9% per annum thereafter until paid. Judgment of the trial court is otherwise in all respects affirmed.