Peter F. SMITH, Appellant,

v.

Jacqueline SMITH, Appellee.

No. 09-89-146-CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

Rehearing Denied Sept. 27, 1989.

E.M. Schulze, Jr., Huntsville, for appellant.

Morgan Nesbitt, Dallas, for appellee.

OPINION

BROOKSHIRE, Justice.

Appeal from a judgment or order granting Jacqueline Smith's Special Exception No. 1 and dismissing Peter F. Smith's entire cause of action with prejudice. The judgment denying all relief to Peter F. Smith, based solely on Special Exception No. 1, did not permit Peter F. Smith to amend his pleadings. The trial court's action was based solely on the pleadings. No evidence or testimony were taken. Hence, no statement of facts exists.

Peter alleged that he and Jacqueline were divorced pursuant to a decree of divorce signed on May 23, 1983, in Montgomery County and, in connection with their divorce, Peter and Jacqueline entered into an agreement entitled Agreement Incident to Divorce. Peter pleaded that he had sustained damages as a result of Jacqueline's breach of the said Agreement Incident to Divorce.

With specificity, Peter averred that both parties were jointly and severally liable for an indebtedness or obligation evidenced by a written promissory note made by both of them on February 26, 1982, payable to Ryland Mortgage Company in the original principal sum of $69,500. Peter set out that both parties agreed that each would be liable for the payment of one-half of the mortgage debt to Ryland Mortgage Company from and after the date when Peter would vacate or abandon their former residence and the same was placed on the market for sale. Peter unequivocally al-

leged that these later events occurred on or about November 30, 1984.

Peter alleged that he sustained damages in an amount in excess of $7,300. and that Jacqueline had breached her contractual obligation to pay one-half of the installments on the mortgage debt. He complained she also failed to pay certain taxes and insurance, although Peter had made proper demand.

Allegations exist that Jacqueline had denied liability for the payment of any portion of the mortgage debt. Such denial on her part constituted an anticipatory breach and an anticipatory repudiation of the written agreement and contract. Hence, Peter said he was entitled to recover judgment for an additional sum of $34,500. Reasonable attorney's fees were prayed for.

Jacqueline, in her original answer, pleaded a general denial and lack of notice and that she had deeded her interest in the property to Peter.

Approximately nine or ten months later, and almost upon the eve of trial, Jacqueline prevailed upon the trial court to conduct a hearing on her special exceptions. No proceedings were ever conducted in the presence of a court reporter. In what can be correctly classified as a speaking exception, Jacqueline stated that the portion of the divorce agreement that governed was *Section V—Real Estate,* paragraph D, which reads as follows:

> "D. If Peter Smith moves out of the house and it is on the market for sale, then each party will be liable for fifty (50) percent of the monthly cost to keep the property on the market; including house note. If either party cannot or will not pay his share of the above liabilities, then that party's share of the sale proceeds will be reduced to offset the disproportionate amount paid."

Then, by special exception only, Jacqueline took the position that "she cannot or will not pay her share". She alleged, in a conclusionary pleading, that Peter's only remedy was to reduce her share of the sale proceeds to offset any disproportionate amount that Peter may have paid. No proof was proffered by Jacqueline. No

showing whatsoever was even tendered that "she cannot" pay her share. The phrase "will not" is an ambiguous one, we deem. Webster's Third New International Dictionary, Unabridged, Merriam–Webster, Inc. (1981).

The plaintiff's pleadings are entitled to reasonable intendments in their interpretation. The totality of the Agreement Incident to Divorce is not before us. The words "will not" could mean that she will not because of legal, proper, equitable or ethical reasons, or that she will not because of arbitrary, capricious, unlawful reasons.

■ We construe the first sentence of paragraph "D" as imposing liability on each party. We conclude that, with fair intendments, the pleading of Peter certainly states a cause of action for breach of a contract. His allegations, coupled with reasonable interpretations and reasonable intendments, are adequate to bring into play a substantive law concept which places in plaintiff, Peter, a right and imposes upon Jacqueline a duty or obligation which allegedly she has broken or breached. *See Bernard Johnson v. Continental Constructors,* 630 S.W.2d 365 (Tex.App.— Austin 1982, writ ref'd n.r.e.).

Reduced to its elements, the pleadings of the Appellant set forth:

1. The existence of an actual contract, with contractual obligations;
2. The Appellant's and Appellee's joint liability for the payment of the house notes pursuant to the written agreement—especially during the time the property was on the market for sale;
3. The alleged breach of that duty or obligation by the Appellee;
4. Resulting damages to the Appellant as a direct consequence of the breach.

Significantly, it should be borne in mind that Appellee's Special Exceptions were leveled only at the Appellant's initial pleading. Prior to the trial court's ruling, the Appellant had augmented and supplemented his live pleadings. We perceive the able trial court erred in taking the position that the second sentence in paragraph "D" imposed an exclusive remedy for the breach

of the Appellee's contractual duties and obligations.

The holding and reasoning in *Bifano v. Young*, 665 S.W.2d 536 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) is highly persuasive. We quote from *Bifano, supra*, at page 539:

"... Remedies provided for in a contract may be permissive or exclusive. See *Vandergriff Chevrolet Company, Inc. v. Forum Bank*, 613 S.W.2d 68 (Tex. Civ.App.—Fort Worth 1981, no writ); *Stergois v. Babcock*, 568 S.W.2d 707, 708 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). The mere fact that the contract provides a party with a particular remedy does not necessarily mean that such remedy is exclusive. *Vandergriff* at 70; *West Texas Utilities Company v. Huber*, 292 S.W.2d 702, 703 (Tex.Civ. App.—Eastland 1956, writ ref'd n.r.e.). A construction which renders the specified remedy exclusive should not be made unless the intent of the parties that it be exclusive is *clearly* indicated or declared. *Ryan Mortgage Investors v. Fleming–Wood*, 650 S.W.2d 928 (Tex. App.—Fort Worth 1983, no writ); *Tabor v. Ragle*, 526 S.W.2d 670, 676 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n.r.e.); *Wilburn v. Missouri–Kansas–Texas Rail Co. of Texas*, 268 S.W.2d 726, 731 (Tex.Civ.App.—Dallas 1954, no writ)." (Emphasis theirs)

Under the language used in the entire paragraph D, we deem that the intent of the parties was not clear to the effect that the second sentence would create a sole, exclusive remedy.

Furthermore, the Appellant pleaded for contributions, a second cause of action, which was not passed on by the District Court. Additionally, Peter had a live pleading that Jacqueline was a co-tenant and, as such, had a duty to pay one-half of the mortgage debt and the other expenses associated with the property in question. Peter had paid the Appellee's share of these various obligations and expenses and was, therefore, entitled to indemnity or contribution from Jacqueline, pleading further that any purported conveyance from Jacqueline

in favor of Peter had never been delivered to Peter. Therefore, it was not accepted by him.

Jacqueline's Special Exception No. 1 did not address the cause of action, alleging the duties of a co-tenant in real estate, coupled with a plea for contribution and indemnity. A co-tenant in real property, who incurs certain necessary expenses in the actual preservation of that property and the valuation thereof, is entitled to reimbursement from the other co-tenant or co-tenants. *Perez v. Hernandez*, 658 S.W.2d 697 (Tex.App.—Corpus Christi 1983, no writ).

Hence, we reverse the judgment of the trial court and order that the cause be remanded for trial and for further proceedings consistent with this opinion.

The appellate costs are taxed against the Appellee.